U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2006 DEC 27 PM 12:47
CLERK
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

KEITH A. WERNER,
Plaintiff

v. No. 2:06-cv-174-wks

STONEBRIDGE LIFE INSURANCE CO., ET AL.,
Defendants

MOTION OF PLAINTIFF FOR A LETTER ROGATORY

Plaintiff, Keith A. Werner, Pro se, respectfully requests this Honorable Court to order the issuance by the Clerk of the Court of a Letter Rogatory directed to the appropriate authority in both the Rutland County VT state court and Providence Superior Court, Providence Rhode Island, requesting a subpoena or other court order to compel the production of records Stonebridge Life Insurance Company's Articles of Incorporation, Registration, Licensing and Bond requirement papers, its designation of a resident agent any and all property owned by Stonebridge



16

Life Insurance Co. ("SLIC") as well as its president Marilyn Carp, secretary Craig Dean Vermie and treasurer, Susan Ann Peters.

On November 16, 2006, this Honorable Court issued its order denying [8] Plaintiff's Petition for the Issuance of a Writ of Mandamus. This Court correctly pointed out that under 28 U.S.C. 1361, a federal district court does not jurisdiction to grant mandamus relief against state or local officials. However, as the plaintiff understands the law this Court may have issuance of a Letter Rogatory ~~directing~~ (KAW) directed to the appropriate authority in each respective state requesting a subpoena or other court order to compel the production of the requested documents.

In support of this Motion, Plaintiff says:

1. He is indigent and cannot afford to file civil actions to compel disclosure of the requested public records.
2. He has exhausted available state remedies, ("administrative remedies") to compel disclosure of the requested records.

3. The information sought is vital for the proper preparation and prosecution of the instant matter.

4. The instant action alleges a variety of claims including fraud, breach of contract unfair and deceptive business practices telemarketing fraud, conspiracy and RICO violations [See Amended Complaint for the conspiracy and RICO violations]

5. The plaintiff has received a communication from an SLIC employee, a telephone sales representative ("TSR") who avers that she's been employed as a TSR for SLIC for over 5-years and has been required by her superiors — as are all other TSR's — to use telephone scripts employing deceptive marketing practices. Plaintiff seeks the parent company names, subsidiaries and all affiliates so that he can continue to investigate and identify the unknown John Doe defendants. Further, Plaintiff seeks to ascertain corporate properties and properties owned by its officers so that he will be able to prevent a "conveyance to shield" the damages awarded. Finally, plaintiff

5.(cont'd) needs to know SLIC's affiliates because it has been ascertained that SLIC uses both in-house, and outsources[1] for telemarketing and handling claims.[2] The identification of such will greatly assist the plaintiff in identifying the unknown John Does and also will enable him to investigate whether these entities have a checkered past.

6. The plaintiff sent a letter, pursuant to Rule 34, to the Director, Medical Examiner of Rhode Island, dated October 24, 2006. Attachment B. To date, the plaintiff has received no response. The plaintiff alleges in his complaint that his father choked to death on food, covered by the "accidental death" policy. SLIC claims otherwise. The request for the production of documents is necessary to corroborate

---

1. Outside, third-party telemarketers, Attachment A.
2. See letter of FTC to SLIC, dated 8-19-03, Attachment "A"

6. (cont'd) the plaintiff's claims against SLIC for breach of contract, unjust denial of the claim, etc. The Request for Documents, aforesaid, is annexed hereto as Attachment B.

WHEREFORE, the plaintiff requests an order be entered instructing the Clerk of this Honorable Court to issue a letter Rogatory requesting the appropriate authority in Providence, Rhode Island and Rutland County Vermont, compelling the Medical Examiner of Rhode Island, the Vermont Secretary of State, Corporations Division and both the Rutland City and County Clerks to provide the records requested (public records in Vermont; Rule 34, Fed R. Civ. P., Request for Production of Documents in Rhode Island)

Dated: 12-18-06

Respectfully submitted,
Keith A. Werner

Keith A. Werner
Box 8200
Cranston R.I. 02920