U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2007 FEB -8 PM 4:34

Keith A. Werner
BY lw DEPUTY CLERK
Box 8200
Cranston, R.I. 02920

February 3, 2007

U.S. District Court
Lisa Wright, ENE Administrator
P.O. Box 945
Burlington, VT 05402-0945

Re: Werner v. Stonebridge Life Insurance Co.
No: 2:06-CV-174-WKS

Dear Ms. Wright,

Yesterday, I received correspondence from you dated January 30, 2007 which states in pertinent part:

- Include the ENE session date and time in the Stipulated Discovery Schedule that is due to be filed in the District Court on or before January 2, 2007 (Emphasis added.)



35

The date January 2, 2007 must be a typo. Your correspondence is dated January 30, 2007. I did not receive it until February 2, 2007. Please apprise me of the status concerning the correct date.

Second, LR 26.1 (b)(1) indicates the Discovery Schedule is due within 30 days after filing the answer. My correspondence to you dated January 16, 2007 explained that I did not receive Defendants' Answer until January 10, 2007. A Motion to Strike Defendants' Answer, sent on or very shortly after January 10, 2007 contains the postmarked envelope received with the Answer. The envelope was postmarked January 8, 2007, I believe. Hence, although Defendants Answer was filed with the Court on November 30, 2007, [Docket # 11], Defendants were fully aware of my mailing address, [Docket # 7], but, apparently did not care about complying with the provisions of Rule 5, Fed. R. Civ. P., by sending a copy to me, See, e.g. [Dockets # 12, and 14].

Although LR 26.1(b)(1) Discovery Schedule When Due. states that "Within 30 days after filing the answer — ..." I am confident that the authors of the Rule presumed, as a matter of law, that defense counsel would comply with the provisions of Rule 5, Fed. R. Civ. Pro.,. I received Defendants' Answer on January 10, 2007. I was granted permission by the Court to respond to Defendants Answer [Docket # 30]. I chose to file a Replication ["An answer to an answer."]. The Replication was sent to the Court on January 29, 2007.

The point being, according to LR.1(b)(1), the 30-days counsel for" the parties must confer is, at worst, February 10, 2007 or more realistically the date my Replication was filed, approximately February 1, 2007. Further, the oft-cited rule provides for the completion of discovery no later than 8-months after the last answer was filed. Because a Replication is an answer, the 8 month period would end

on October 1, 2007.

O.K., that was the easy part. The following is a bit more complicated, with respect to the disparity between the Local Rules and Federal Rules. In a nutshell, LR 16.3(f) refers the reader to the discovery schedule required pursuant to LR 26.1(b). In turn 26.1(b) indicates the parties must confer as required by Fed Rule 26(f), Fed R Civ. P, (parties must confer to develope a proposed scheduling order). However, Fed Rule 26(f) specifically exempts, (the scheduling order, parties to confer, etc.), in those categories of proceedings exempted from initial disclosure under Fed Rule 26(a)(1)(E). Fed R. 26(a)(1)(E) exempts actions brought by parties without counsel who are incarcerated. I brought the action, am ~~pro~~ se, and am incarcerated.

Thus, apparently, the Local Rule and the Federal Rule, insomuch as it applies to actions brought by parties without counsel, are inconsistent.

The 1995 Amendment to Rule 83, Fed. R. Civ. P. makes clear that Local Rules must be consistent

Case 2:06-cv-00174-wks Document 35 Filed 02/08/2007 Page 5 of 5

with the Federal Rules. See, e.g., Ashland Chemical In. v. Barso Inc., 123 F3d 261 (5th Cir 1997) (Inconsistency between local and federal rules nonetheless remains in many instances, since no nationwide effort has been made to review Local Rules to ensure their compliance, and validity thus may be tested only on an ad hoc basis.)

Therefore, I request to be exempted from LR 26.1 (a) (Discovery); (b) (Discovery Schedule) LR 16.3 (f)(1), in regards to the Scheduling Order, with the exception of the date of the ENE session being provided to the ENE.

Since the issues raised herein may be novel and require legal expertise, may I suggest you consult with Chief Judge Sessions

Thank you.

Sincerely,
Keith A. Werner