UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

No 2:06-CV-174-WKS

U. S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
BY 02/22/2007
DEPUTY CLERK

KEITH A. WERNER,
Plaintiff

v.

STONEBRIDGE LIFE INSURANCE CO.,
JOHN DOE, UNKNOWN EMPLOYEE,
Defendants

PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF OR, ALTERNATIVELY, FOR A COURT ORDER

Keith A. Werner, Pro se
Box 8200
Cranston, R.I. 02920

40

Case 2:06-cv-00174-wks Document 40 Filed 02/22/2007 Page 2 of 13

TABLE OF CONTENTS Page

Plaintiff's Request for Declaratory Relief or, Alternatively, for a Court Order: Facts . . . . . 1

I. ARGUMENT

A. Applicable Law: The Local Rules Conflict With the Federal Rules . . . . . . . . . . 4

B. Declaratory Relief is Appropriate; Federal Substantive Law Controls . . . . . . . . . 6

II. QUESTIONS PRESENTED

A. Fed. Rule 26(a)(1)(E)(iv) Exempts the Parties From a Considerable Amount of Discovery Provisions and Requirements, below-cited, Should the Parties Just Begin the Discovery Process and Continue it Until and Unless Judicial Intervention is Warranted? . . . . . . 8

B. If the Answer to the Question put Forth in Subsection "A" is NO, then how Should the Parties Proceed in the Discovery Process . . . . . . . . . . .

III. RELIEF REQUESTED . . . . . . . . . . . 9

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

KEITH A. WERNER,
Plaintiff

v. No. 2:06-CV-174-WKS

STONEBRIDGE LIFE INSUR. CO., ET AL
Defendants

PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF OR, ALTERNATIVELY, FOR A COURT ORDER

Plaintiff, Keith A. Werner, pursuant to Rule 57 Fed. R. Civ. P. and 28 U.S.C. 2201, requests this Honorable Court to make a determination of Plaintiff's obligation to comply with Local Rules of the District Court that are inconsistent with the Federal Rules themselves.

Specifically, LR 26.1(a) states that the discovery disclosure provisions of Federal Rules of Civil Procedure 26(a)(1), 26(a)(2), and 26(a)(3) apply in this district unless the court orders otherwise,

respectively.

However, Fed. R. Civ. P. 26 (a) (1) (E) states: " The following categories of proceedings are exempt from disclosure under Rule 26 (a) (1):

. . .

(iv) an action brought without counsel by a person in the custody of ..., a state, . . . ."

Presently, Plaintiff is in the custody of the Rhode Island Department of Corrections, ("DOC"), therefore, according to the express language of Fed. R. Civ. P. 26 (a) (1)(E)(iv), he is exempt from the requirements of LR 26.1(a)

Additionally, LR 26.1 (b) (1) states the provisions of the discovery schedule: " Within 30 days after filing an answer. . . counsel for the parties must confer as required by Fed. R. Civ. P. 26 (f) and as a result of that conference must jointly prepare and file a single schedule providing for the completion of discovery no later than

Case 2:06-cv-00174-wks Document 40 Filed 02/22/2007 Page 5 of 13

8 months after the last answer was filed."

However, Fed. R. Civ. P. 26(f) which refers to the "Conference of Parties; Planning for Discovery," expressly states therein "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E)... the parties must... before a... scheduling order is due... to make or arrange for the disclosures required by Rule 26(a)(1)...." (Emphasis added.)

Plaintiff received correspondence dated Janvary 30, 2007, from Lisa Wright, ENE Administrator, that stated, in relevant part, "the parties must now do the following: . . . . . . Include ... the Stipulated Discovery Schedule that is due to be filed in District Court on or before Janvary 2, 2007." (sic)

The Stipulated Discovery Schedule topic sentence states: "The parties submit the following Discovery Schedule pursuant to Local Rule 26.1(b): 1. The parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before ______" (Emphasis added.)

Once again, the Stipulated Discovery Schedule pursuant to Local Rule 26.1 (b) and the initial disclosures pursuant to Fed. R. Civ. P. 26 (a) (1) are exempt from disclosure under the express provisions of Fed. R. Civ. P. 26 (a) (1) (E) (iv)

Consequently, LR 26.1 (a) and LR 26.1 (b) (1) conflict with the provisions of Fed. R. Civ. P. 26 (a) (1) (E) (iv) and, accordingly, are invalid.

I. ARGUMENT

A. Applicable Law: The Local Rules Conflict With The Federal Rules

Local Rules must be adopted pursuant to Rule 83 (a), Fed. R. Civ. P.. Rule 83, as amended in 1995, confirms the importance of scrutiny of local rules to ensure consistency with the national federal rules.

Rule 83 (a), Fed. R. Civ. P., states, in pertinent part: "A local rule shall be **consistent** with — but

not duplicative of – Acts of Congress[1] and rules adopted under 28 U.S.C. 2072 and 2075, ...." (Emphasis added.)

In Ashland Chemical Co. v. Bark Inc., 123 F 3d 261 (5th Cir. 1997) the Court held that the inconsistency between local and federal rules remain in many instances, since no nationwide effort has been made to review local rules to ensure their compliance and validity and thus may be tested only on an ad hoc basis.

The U.S. Supreme Court in Frazier v. Heebe, 482

---

1. The wording is curious, in that a local rule that is inconsistent with an Act of Congress would presumptively violate the Rules Enabling Act, even without an express proscription in Rule 83

2. These statutory provisions, of course, govern the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, the

U.S. 641 (1987) invalidated a local rule requiring that an attorney either reside or maintain an office in the State where the district court is located before being admitted to the bar; the Court had supervisory powers under Rule 83 and the Rules Enabling Act to review local rules of the district court.

In re Kool, Mann, Coffee and Co., 23 F3d 66 (3rd Cir. 1994), the Court held that a local rule conferring jurisdiction on the court of appeals in a bankrupcy proceeding contradicts 28 U.S.C. 158 and was thus invalidated. In Carver v Bunch, 946 F2d 451 (6th Cir. 1991), the Court held in a situation where Rule 41(b) did not provide for dismissing of the action, dismissal under a local rule for failure to respond to a motion to dismiss conflicted with Rule 41(b) and the local rule was thus invalid. In Strandell v. Jackson County, Ill., 838 F.2d. 884 (7th Cir. 1988), a local rule authorizing summary jury trials was held invalid.

B. Declaratory Relief Is Appropriate; Federal Substantive Law Controls

Case 2:06-cv-00174-wks Document 40 Filed 02/22/2007 Page 9 of 13

Rule 57, Fed. R. Civ. P., implements the provisions of the Declaratory Judgment Act, 28 U.S.C. 2201. It creates a means by which the rights and obligations may be adjudicated in cases involving an actual controversy within its jurisdiction. Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270 (1941) (holding that an insurer's federal declaratory judgment action on coverage was sufficiently ripe for resolution even prior to the underlying state court action proceeding to judgment). When there is a substantial dispute touching some real and proximate interest of the party, the fact that the party has taken action in order to provoke a test case does not make the case inappropriate for a Declaratory Judgment. Evers v. Dwyer, 358 U.S. 202 (1958); International Longshoremen's Ass'n v. Seatrain Lines, Inc., 326 F 2d 916, 918-919 (2nd Cir. 1964).

Because the instant issues do not involve state law but only federal law, federal substantive law is controlling, 28 USC 1331.

Case 2:06-cv-00174-wks Document 40 Filed 02/22/2007 Page 10 of 13

## II. QUESTIONS PRESENTED.

A. Federal Rule 26(a)(1)(E)(iv) exempts the parties from a considerable amount of discovery provisions and requirements, below-cited, should the parties just begin the discovery process and continue it until and unless judicial intervention is warranted?

Exemptions pursuant to Rule 26(a)(1)(E)(iv), Fed. R. Civ. P.

- Local Rule 26.1(a) Required Disclosures; Methods to Discover Additional Matter; (1) Initial Disclosures; (2) Disclosure of Expert Testimony; (3) Pretrial Disclosure
- Local Rule 26.1(b) Discovery Schedule; (1) When Due; (2) Form; (3) What to Include; (4) Non-compliance.
- Federal Rule 26(a)(1) Required Disclosures; Methods to Discover Additional Matter; (1) Initial Disclosures; and, A through D
- Federal Rule 26(2) Disclosure of Expert Testimony (A), (B), (C)
- Federal Rule 26(3) Pretrial Disclosures, (A), (B), (C)

- Federal Rule 26 (4) Trial Preparation: Experts (A), (B,) (C)
- Federal Rule 26 (C) Protective Orders [Require the parties to first confer in good faith]
- Federal Rule 26 (f), Conference of Parties; Planning for Discovery

B. If the answer to the Question put forth in subsection "A" is NO, then How should the parties proceed in the discovery process?

III RELIEF REQUESTED

Rule 83(a) states that local rules of the district courts shall be consistent with the Acts of Congress and the Federal Rules of Civil Procedure, inter alia. The Local Rules oft-cited herein are clearly inconsistent with the Federal Rules of Civil Procedure thus they are invalid. Declaratory relief is both appropriate and necessary to determine the obligations and rights of the plaintiff concerning the instant controversy. Fed. R. Civ. P. 26 (a) (1) (E) (iv) exempts the parties in the instant

action from 19 requirements and procedures with respect to the federal discovery rules. The same Rule also exempts the parties from 7 requirements and procedures relative to the [invalid] local discovery rules.

WHEFORE, the Plaintiff respectfully requests this Honorable Court to adjudicate the matters in dispute and issues of controversy so that the plaintiff and parties will know how discovery should and shall proceed in the case sub judice.

Dated: 2-10-07

Respectfully submitted,
Keith A Werner

Keith A. Werner, Pro se
Box 8200
Cranston, R.I. 02920

Case 2:06-cv-00174-wks Document 40 Filed 02/22/2007 Page 13 of 13

Certification

I hereby certify that I caused a true copy of the within Request for Declaratory Relief to be mailed to John Paul Foignant, Box 6688, Rutland VT 05702-6688 on this 10th day of February 2007.

Dated: 2-10-07

Keith A. Werner
Keith A. Werner