DPW:mdb 06-287 3/23/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO PLAINTIFF'S MOTION TO WAIVE
LOCAL RULES 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1
(Document No. 50)**

Now comes defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and objects to plaintiff's motion to waive local rules 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1 (Document No. 50). As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,
HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion to Waive Local Rules 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:mdb 06-287 3/22/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION TO WAIVE LOCAL RULES 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1 (Document No. 50)**

Defendant, Stonebridge Life Insurance Company ("Stonebridge"), has filed an objection to plaintiff's motion to waive local rules 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1 (Document No. 50). This memorandum is offered in support of said objection.

***Facts and Travel***

While this matter was pending before the United States District Court for the District of Vermont, plaintiff sought to avoid the impact of various local rules of that federal district in regard to counsel for parties meeting to reach agreement upon various discovery procedures. Without being privy to the local rules of said district, Stonebridge assumes that said local rules contained provisions to effectuate the disclosure requirements under Fed. R. Civ. P. 26.

***Argument***

The Local Rules of this District are, presumably, not a mirror copy of the local rules of the district of Vermont. However, it is not necessary for this court to make an assessment as to whether the Local Rules for this District differ from those for the District of Vermont.

The instant action is clearly exempt from the provisions of the initial disclosure and the conference in regard thereto because of the fact that the plaintiff is an inmate of a correctional facility run by the State of Rhode Island, although he was apparently transferred to the State of Rhode Island for incarceration purposes by the Commonwealth of Massachusetts.

In any event, the provisions of Fed. R. Civ. P. 26(a)(1)(E)(iv) provide that the following category of proceeding is exempt from the disclosure requirements provided under Fed. R. Civ. P. 26(a)1:

* * *

> (iii) an action brought without counsel by a person in the custody of . . ., a state, . . .

* * *

Further, the provision as to a conference of the parties as required under Fed. R. Civ. P. 26(f) does not apply in regard to those categories of proceedings which are exempted from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(E). Thus, since this is an exempted proceeding, neither the initial disclosure requirements nor the conference requirements are applicable.

Assuming, *arguendo*, that plaintiff's motion to waive adherence to local rules is predicated upon some Local Rule of this District, said rule would have no applicability in view of

the exemption provided under the Federal Rules of Civil Procedure. Therefore, plaintiff's motion in this regard should be denied.

WHEREFORE, on the basis of the foregoing argument and authorities, Stonebridge requests that this court deny plaintiff's motion to waive local rules 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1 (Document No. 50).

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *Memorandum of Law in Support of Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion to Waive Local Rules 26.1(b)1, 26(d)(2)(A)(B)(i, ii, iii) and 26(d)1* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP