DPW:mdb 06-287 3/23/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,**
**STONEBRIDGE LIFE INSURANCE COMPANY,**
**TO PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT**
**(Documents No. 53 and 54)**

Now comes defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and objects to plaintiff's motion(s) for leave to file an amended complaint (Documents No. 53 and 54) in the manner and form attached thereto. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,
HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion for Leave to File Amended Complaint* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:mdb 06-287 3/22/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Documents No. 53 and 54)**

Defendant, Stonebridge Life Insurance Company ("Stonebridge"), has filed its objection to plaintiff's motion for leave to file an amended complaint (Documents No. 53 and 54). This memorandum is offered in support of said objection.

***Facts and Travel***

Plaintiff, *pro se*, filed a handwritten "Verified Civil Action" (hereinafter "Complaint") in the United States District Court for the District of Vermont on September 12, 2006. (Document No. 5). The Complaint names Stonebridge as a defendant. Also named is a single "John Doe" defendant, alleged to be an employee Stonebridge, at relevant times. The Complaint seeks damages for "breach of contract, violations of both the consumer protection and insurance laws

of the relevant state, torts of various sorts, promissory fraud, breach of duty of good faith and fair dealing and telemarking [*sic*] fraud, via interstate transmission." *See* Complaint at 1.

The "Facts" section of the Complaint alleges that on May 5, 1997, George and Mary Werner entered into an agreement to purchase group accident insurance from "J.C. Penny [*sic*] Corporation," which "conveyed" the policy to Stonebridge. *See* Complaint at 2-3. The Complaint alleges that upon receipt of the policy, Mary Werner spoke with a representative of Stonebridge, the so-called "John Doe" defendant, who allegedly "assured Mrs. Werner that the policy provided for a million dollar indemnity for any accidental death." *See* Complaint at 3. It is alleged that Mrs. Werner purchased the policy in reliance upon said representations. *See* Complaint at 3-4.

The Complaint further alleges that on May 14, 2004, George Werner choked to death. *See* Complaint at 4. Following his death, "a proper and timely claim for indemnification was conveyed to [Stonebridge][,]" which was allegedly "wrongfully denied" by Stonebridge. *See* Complaint at 4. The denial of indemnification under the Stonebridge policy is the crux of the Complaint.[1] Plaintiff seeks judgment against the Defendants in the amount of "One Million

---

[1] The Complaint alleges that the Defendants are liable to the "Beneficiary" on the following grounds:

> "(a) Deceit; (b) Fraud, and Undue Influence; (c) Fraud in the Inducement; (e) Unfair and Deceptive Business Acts and Practices; (f) Breach of Contract; (g) Breaching Duty of Good Faith and Fair Dealing; (h) Failure to effectuate a prompt, fair and equitable settlement of the claim; (i) Violation of the Wire Fraud Act; (j) Telemarketing Fraud; (k) Intentional Failure to effectuate a full, fair, and meaningful investigation as to all the facts and claims stated herein." *See* Complaint at 6.

Dollar plus double or treble damages, punitive damages, and all costs and fees, plus interest, respectively." *See* Complaint at 6-7.

On November 30, 2006, Stonebridge filed an Answer to the plaintiff's Complaint. (Document No. 11). Thereafter, the plaintiff filed a "Motion to Amend Complaint" on February 13, 2007. (Court Document No. 37-1). Subsequently, the United States District Court for the District of Vermont transferred the matter to the United States District Court for the District of Rhode Island, upon a motion to change venue filed by Stonebridge. (Court Document No. 43-1). The "Motion to Amend Complaint" remains pending and is the subject of the within memorandum.

Attached to the "Motion to Amend Complaint" is "Plaintiff's First Amended Verified Civil Action." (Document No. 37-2) (hereinafter "proposed Amended Complaint"). The proposed Amended Complaint names additional defendants and raises additional grounds of recovery. In addition to Stonebridge, J.C. Penney Life Insurance Company, J.C. Penney Corporation, and Aegon Group Incorporated are named as defendants. J.C. Penney Life Insurance Company is now known as Stonebridge Life Insurance Company which is already a defendant in this lawsuit. There is no relationship to J.C. Penney Corporation by any of the other purported defendants, nor is it the group policyholder. There is no entity known as Aegon Group Incorporated. Also named are six (6) John Doe Defendants.

In the proposed Amended Complaint, the plaintiff alleges that Mary Werner was contacted by a telemarketer (John Doe #1) on May 5, 1997, attempting to sell the insurance policy in question. *See* proposed Amended Complaint at 4. Plaintiff alleges that John Doe #2 was that telemarketer's supervisor, while John Doe #3 was the entity employing both. *See* proposed Amended Complaint at 3. The proposed amended Complaint alleges that on May 27,

1997, Werner spoke with John Doe #4, who allegedly confirmed the policy's offered coverage. *See* proposed Amended Complaint at 4. Plaintiff alleges that John Doe #5 was John Doe #4's supervisor; and that John Doe #6 was a telemarketing firm that employed both. *See* proposed Amended Complaint at 3. Defendant Aegon essentially is alleged to be a parent corporation of Stonebridge. As stated above, there is no such entity, thus it is not the parent of Stonebridge. *See* proposed Amended Complaint at 3.

The proposed Amended Complaint makes the following allegations. First, plaintiff alleges that the Defendants collectively violated the Racketeer Influenced and Corrupt Organization Act ("RICO") through wire fraud, which plaintiff alleges was perpetrated in connection with telephone calls to Mary Werner in which the terms of the accident insurance policy were "misrepresented." *See* proposed Amended Complaint at 9-11. Plaintiff also alleges wire and mail fraud in the deduction of premiums from Mrs. Werner's credit card and subsequent transfer and mailing of those premiums to financial institutions. *See* proposed Amended Complaint at 9-11.

Plaintiff additionally alleges "Frauds and Swindles" against the Defendants through the devising of "a scheme or artifice to defraud, and for obtaining money by false or fraudulent pretences, representations, or promises, and for the purpose of executing such scheme or artifice have used the U.S. Postal Service to take or receive therefrom the matter or thing obtained by fraudulent representations or promises[.]" *See* proposed Amended Complaint at 11-12. Plaintiff additionally alleges "Wire Fraud," "Telemarketing Fraud," violations of the "Telemarketing and Consumer Fraud Prevention Act of 1994"; commission of "Unfair and Deceptive Business Acts" in violation of 15 U.S.C. 45 *et seq.*, "Breach of Contract", "Tort Arising from Contract", "Negligence", "Promissory Estoppel", and "Unjust Enrichment". *See* proposed Amended

Complaint at 12-14. Based on these sundry allegations, the proposed Amended Complaint seeks judgment in the amount of Three Million Dollars, as well as "general, special, and punitive damages." *See* proposed Amended Complaint at 14.

***Argument***

Stonebridge recognizes that under Fed.R.Civ.P. 15(a), leave to amend a party's pleadings shall be "freely" given when justice so requires. The provisions of Rule 15(a), however, do not confer a limitless or absolute right to amend. *See Freidman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del. 1946) (recognizing that use of the word "freely" in the Rule's text "does not mean that leave to amend is to be granted without limit; otherwise, the right to amend would be absolute and not rest in the discretion of the court."). The First Circuit specifically has recognized that a motion to amend properly may be denied where the amendment would be "futile or reward, *inter alia*, undue or intended delay." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 252 (1st Cir. 1994). Other reasons justifying denial of leave to amend a party's pleadings include undue prejudice to the opposing party, bad faith or dilatory motive on the part of movant, and repeated failures to cure deficiencies by amendments previously allowed. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 216 F.R.D. 301, 304 (D.N.J. 2003); *Wingert & Associates, Inc. v. Paramount Apparel International, Inc.*, 458 F.3d 740, 745 (8th Cir. 2006). Additionally, it has been recognized that in analyzing whether leave shall be granted, a reviewing Court may consider whether the proffered amendments raise meritorious claims. *United Services Auto Association v. Foster*, 783 F.Supp. 916, 919 (M.D. Pa. 1992).

In light of these authorities, Stonebridge submits that amendment of the plaintiff's Complaint at this juncture in the proceedings is futile and prejudicial to Stonebridge, as well as to the additional defendants named in the proposed Amended Complaint. First, as a threshold matter, there appears no justification for plaintiff's delay in raising the allegations made in the proposed Amended Complaint. A review of the proposed Amended Complaint reveals numerous allegations of fact against a number of defendants which could very well have been included in the original complaint, but for reasons unknown, were omitted from that initial filing. There having been no discovery conducted since the institution of this action in the United States District Court for the District of Vermont, the addition of these facts and newly named Defendants is not the product of discovery in this matter. Rather, it appears that plaintiff simply seeks to add new defendants that could easily have been included in his initial pleading.

Notwithstanding plaintiff's delay, however, Stonebridge submits that amendment of the Complaint at this juncture is futile and prejudicial to both Stonebridge and the additional defendants named in the proposed Amended Complaint. Specifically, Stonebridge has filed a motion for Summary Judgment in this matter which contests the plaintiff's standing to bring the within action. The motion is presently pending on the Court's docket. In its motion, Stonebridge challenges the very basis upon which the plaintiff has instituted this action; namely, whether the plaintiff has any beneficial interest whatsoever in the group accident insurance policy at issue in this case. If Stonebridge is successful in its motion, it will constitute a fatal blow to plaintiff's claims in both his original Complaint and the proffered Amended Complaint and will essentially conclude this litigation.

If plaintiff's motion to amend his Complaint is granted, a significant amount of time, effort, and money will be expended by the additional named defendants in order to review the matter, conduct an appropriate investigation(s), retain legal counsel, and respond to the allegations. Moreover, considering the criminal and inflammatory nature of the allegations made by the plaintiff, amendment of the plaintiff's Complaint could have a detrimental impact upon the business operations of each newly-named defendant.

In addition, amendment of the Complaint would prejudice Stonebridge because it will require a burdensome and costly examination of Stonebridge's potential contractual obligations to the other named defendants. Included among this examination will be an extensive investigation and a thorough review of indemnification and/or other agreements relative to assumption of legal representation of those other defendants. Moreover, because the proffered Amended Complaint raises numerous allegations which are criminal in nature, its allowance at this juncture could raise numerous questions relative to insurance coverage for Stonebridge as well as the new defendants, and potentially require appointment of separate counsel.

In light of these considerations, Stonebridge submits that the Court deny, or in the alternative, hold in abeyance, the pending motion for leave to amend until such time as the Court has ruled on Stonebridge's motion for summary judgment. Should the Court grant that motion, it would be fatal to plaintiffs' case in all respects, and plaintiff would have no basis upon which to proceed against Stonebridge or any other defendant named in the proposed Amended Complaint. Consequently, in the interests of judicial economy, and with due regard to the interests of both Stonebridge and the proposed defendants, Stonebridge requests that the Court deny plaintiffs' motion to amend the Complaint or, in the alternative, hold the matter in abeyance pending

decision on Stonebridge's motion for summary judgment.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,
HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *Memorandum of Law in Support of Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion for Leave to File Amended Complaint* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP