DPW:mdb 06-287 3/23/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MOTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
FOR SUMMARY JUDGMENT UNDER
FED. R. CIV. P. 56**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and, in accordance with Fed. R. Civ. P. 56(b) moves this Honorable Court for an order granting summary judgment in its favor. As grounds for said motion, Stonebridge relies upon its Statement of Undisputed Facts (submitted in accordance with LR Cv 56(a)), Affidavit of Colleen Gizinski, Exhibits and Memorandum of Law, all of which are attached hereto and made a part hereof which demonstrate that there is no genuine issue as to any material fact as to plaintiff's lack of standing and that Stonebridge is entitled to judgment as a

matter of law denying and dismissing plaintiff's complaint.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *Motion of Defendant, Stonebridge Life Insurance Company, for Summary Judgment under Fed. R. Civ. P. 56* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:mdb 06-287 3/22/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW**
**OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

***Introduction***

Defendant, Stonebridge Life Insurance Company ("Stonebridge"), has filed a motion for summary judgment in accordance with Fed. R. Civ. P. 56(b) on the ground that plaintiff lacks standing to bring the instant action. Plaintiff is not a "covered person" or "beneficiary" of the Group Accident Insurance policy in question and has no rights under said policy or the Certificate of Insurance issued pursuant thereto.

Since plaintiff has no standing to bring the instant action, this court should enter summary judgment for Stonebridge denying and dismissing plaintiff's complaint.

***Statement of the Case***

Reduced to its essentials, plaintiff's complaint seeks damages for alleged breach of contract, *i.e.*, the Certificate of Insurance ("said Certificate") (Exhibit A) issued to George L. Werner pursuant to the Group Accident Insurance policy ("said Policy") (Exhibit B) which, as of

January 1, 2002, was issued by Stonebridge to CitiBank (South Dakota), N.A. The only individual with standing to bring a claim under said Policy/Certificate is the spouse of George L. Werner, Mary Werner, who is alive and *compos mentis* and living in West Warwick, Rhode Island.

Plaintiff alleges that he is "sole beneficiary"/ "otherwise owner"/ "holder in due course" of said Policy (presumably also said Certificate), but the provisions of said Certificate/Policy specifically provide otherwise.

In accordance with the affidavit of Colleen Gizinski and Exhibits A and B attached thereto, "insured" is a defined term under said Certificate and Policy. "Insured" means "you," "your" or "yours" under said Certificate and means the insured "named on the Schedule Page." (Exhibit A, Definitions, at page 2; Statement of Undisputed Facts ("SUF"), at para. 11). The only individual listed on the Schedule Page of said Certificate as insured is "George L. Werner." (Exhibit A, Schedule Page, at page 8; SUF at para. 12).

A "covered person" under said Certificate means "you" and "your spouse." Certain children may qualify as a "covered person" but plaintiff, in no respect, fits into that category. (Exhibit A, Definitions, at page 2; SUF at para. 13). Thus, there is no question that plaintiff is not a "covered person" under said Certificate or Policy. This plaintiff, therefore, has no direct claim against Stonebridge as a "covered person."

Similarly, plaintiff has no claim against Stonebridge as a "beneficiary." The definition of beneficiary under said Certificate is limited to the insured person's spouse, if living at the death of the insured person (Exhibit A, Beneficiary, at page 4; SUF at para. 14). George L. Werner's spouse, Mary Werner, was alive at the time of his death and is still alive and *compos mentis*. She is the only beneficiary of George L. Werner under said Certificate and Policy. The definition of

such beneficiary is determined as of the date of the covered person's death. (Exhibit A, Beneficiary, at page 4; SUF at para. 14). Plaintiff is not a beneficiary and has no colorable claim whatsoever as a beneficiary because his mother, Mary Werner, the spouse of his father, George L. Werner, was alive as of the date of George L. Werner's death. Consequently, plaintiff in no respect qualifies as a beneficiary and can bring no claim against Stonebridge as such beneficiary.

Under said Policy, an "insured" is an eligible person enrolled for coverage as an insured. (Exhibit B, Definitions, at page 2; SUF at para. 17). An insured becomes an insured under said Policy when a Certificate of Insurance has issued. (Exhibit B, When a Person Becomes Insured, at page 3; SUF at para. 17). Any amount due under said Policy for Loss of Life (as claimed by plaintiff) is to be paid to the beneficiary, which is the spouse of the insured, if such spouse is living at the death of the insured, unless otherwise specified. (Exhibit B, Beneficiary, at page 5; SUF at para. 19). According to said Policy, the Certificate describes to whom the benefits will be paid. (Exhibit B, Insured's Certificate, at page 7; SUF at para. 20). There was no other designation specified by George L. Werner, the insured under said Certificate.

Thus, the provisions of said Certificate conform to the provisions of said Policy. Plaintiff is not a beneficiary under said Policy and can bring no claim against Stonebridge as such.

## *Argument*

**Plaintiff lacks standing to bring the instant action and such lack of standing is fatal to his complaint.**

The issue of standing focuses the attention of the court on the party seeking to have a claim entertained by the court and not on the issues he or she wishes to have adjudicated by the court. *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). A party seeking relief must have alleged a "personal stake in the outcome of the controversy." This personal

stake in the outcome of the controversy assures "that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends. . ." *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

> To permit a complainant who has no concrete injury to require a court to rule on important. . . issues in the abstract would create the potential for abuse of the judicial process, distort the role of the Judiciary and its relationship to the Executive and the Legislature and open the Judiciary to an arguable charge of providing "government by injunction."

*Schlesinger v. Reservists Committee to Stop the War*, 418, U.S. 208, 222, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).

Determination of whether the plaintiff has standing to bring the instant matter turns directly upon whether the language of the accident insurance policy at issue in this case evinces an intent to confer a benefit upon the plaintiff as a party to, or a beneficiary of, said Policy. It is well-settled that the rules governing the interpretation of insurance contracts are the same as those governing the interpretation of any contract. *Sullivan v. Southland Life Insurance Co.*, 854 N.E.2d 138, 141 (Mass. App. Ct. 2006). Under Rhode Island law, non-parties to an agreement or contract do not have standing to bring an action seeking to declare the validity or enforceability thereof. *Meyer v. City of Newport*, 844 A.2d 148, 151 (R.I. 2004). Moreover, it has been recognized that a party lacks standing under the Declaratory Judgments Act where that party was neither a party to the agreement or contract in question nor an intended third party beneficiary thereof. *Farmers Insurance Co., Inc. v. Miller*, 926 S.W.2d 104, 107 (Mo.App.Ct. 1996).

The Rhode Island Supreme Court recognizes that general rule that only intended, and not incidental, third party beneficiaries can maintain an action for damages resulting from a breach of contract between two other contracting parties. *Forcier v. Cardello*, 173 B.R. 973, 984 (D.R.I.

1994). In order for a party to be considered an intended beneficiary, there must be a showing that the parties to the contract or agreement "directly and unequivocally intend to benefit a third party[.]" *Id.* at 985, citing Restatement (Second) of Contracts, § 302. Incidental third party beneficiaries of a contract "do not have a right to recovery on the contract in the event of a breach." *Id.*

In light of the foregoing, it is clear that plaintiff has no standing in this matter. A review of the plain and unambiguous language of the policy in question reveals no intention whatsoever on the part of the parties to said Policy to confer a benefit upon the plaintiff. Clearly, the plaintiff is not named in said Policy or Certificate as an insured party or as a beneficiary. Rather, said Certificate was issued, in accordance with said Policy, to George L. Werner, individually.

Furthermore, there is no indication whatsoever from the language of said Policy and Certificate that the plaintiff was an intended third party beneficiary of the agreement. Under the plain and unambiguous language of the policy, the only "beneficiary" thereof is the insured's spouse, if living at the time of the death of the insured; or children under the age of twenty-three (23). There is no dispute that Mary Werner, the spouse of George L. Werner, was alive as of the date of George L. Werner's death. Moreover, there is no question that the plaintiff was above the age of twenty-three (23) at the time of his father's death.

It is clear from a review of said Policy and Certificate that the plaintiff has no standing under said Policy. Clearly, the only party with a personal stake in this controversy is Mary Werner. She has not brought the complaint. Moreover, the amended complaint proposed by plaintiff does not substitute Mary Werner as the party plaintiff. As he is not a party to or an intended beneficiary under said Policy, Plaintiff has suffered no injury in fact, economic or otherwise. As such, there is no "concrete and particularized. . . and . . . actual or imminent, not

'conjectural' or 'hypothetical'" injury to plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

***Conclusion***

Wherefore, based upon the argument and authorities set forth above, Stonebridge asserts that plaintiff clearly is without standing to bring any action on the Certificate of Insurance/Group Accident Insurance policy or any alleged claim dependent thereon and, thus is without standing to bring the instant action (or his proposed amended complaint). There being no issue of material fact in regard to the above, Stonebridge prays that this court deny and dismiss plaintiff's complaint and enter judgment for Stonebridge.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *Memorandum of Law of Defendant, Stonebridge Life Insurance Company, in Support of its Motion for Summary Judgment* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP