DPW:mdb 06-287 3/23/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**LR Cv 56(a) STATEMENT OF UNDISPUTED FACTS OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

***Introduction***

This action by plaintiff, Keith Werner ("plaintiff"), seeks damages allegedly flowing from breach of contract (and divers other subsidiary claims) arising out of an alleged failure on the part of defendant, Stonebridge Life Insurance Company ("Stonebridge"), to pay a claim for accidental death benefits to, presumably, Mary Werner, George L. Werner's spouse, as of the date of his demise, although the complaint is advanced by a son of George L. Werner, plaintiff, who is not 23 years old or less. Stonebridge avers that plaintiff has no standing to bring the instant complaint.

***Allegations of Complaint***

1. Plaintiff seeks damages from Stonebridge for breach of contract and claims subsidiary thereto. (Exhibit C at para. 1).

2. Plaintiff claims variously to be "sole beneficiary"/"otherwise owner"/"holder in due course" of an "accidental death insurance policy," but actually he has no rights whatsoever under the Certificate of Insurance (Certificate No: 84AE3E2730) ("said Certificate") issued to George L. Werner, plaintiff's late father, in accordance with Group Accident Insurance Policy No. 25494 GC346 ("said Policy") originally issued by J.C. Penney Life Insurance Company to AT&T Universal Card Services Corporation, as policyholder, later amended, by endorsement effective July 1, 1998, to CitiBank (South Dakota), N.A., as policyholder, and, further amended, by endorsement effective January 1, 2002, to change the "Company" to Stonebridge. (Exhibit C at para. 2; Exhibits A and B of Affidavit of Colleen Gizinski as referenced at paras. 3 and 4).

3. Plaintiff claims said Certificate was issued to "George and Mary Werner" but said Certificate was issued to George L. Werner, only. (Exhibit C at para. 5; Exhibit A of Affidavit of Colleen Gizinski).

4. Contrary to plaintiff's assertion, George L. Werner died not on May 14, 2004, but on May 8, 2004. (Exhibit C at para. 9; Exhibit V, Certification of Vital Record, Medical Examiner's Certificate of Death, State of Rhode Island and Providence Plantations).

5. Plaintiff's various allegations all reference conduct by Stonebridge, and/or others, in regard to "knowingly misrepresent[ing] material facts" to Mary Werner with "intent to induce" Mary Werner to purchase insurance coverage and Mary Werner "rely[ing] upon aforesaid misrepresentation," all such claims referencing conduct as to Mary Werner, not as to plaintiff. (Exhibit C at paras. 12 and 13).

***Undisputed Facts Not Contained in Complaint***
***or Otherwise by Affidavit***

6. George L. Werner died on May 8, 2004. (Exhibit V, Certification of Vital Record, Medical Examiner's Certificate of Death, State of Rhode Island and Providence Plantations).

7. At the time of George L. Werner's death, Mary Werner was alive and was his spouse.

8. Plaintiff is the son of George L. Werner and Mary Werner but is age 49, having been born on 2/08/58.

9. Mary Werner is alive and *compos mentis* and living in Rhode Island.

***Certificate of Insurance per***
***Affidavit of Colleen Gizinski***

10. Said Certificate designates Stonebridge as "we," "us" or "our" and supersedes any previous certificate issued to George L. Werner under said Policy. (Exhibit A, Definitions, at page 1).

11. Under said Certificate, "Insured," also called "you," "your" or "yours," means the insured named on the Schedule Page. (Exhibit A, Definitions, at page 2).

12. The Schedule Page of said Certificate lists George L. Werner as the only insured. (Exhibit A, Schedule Page, at page 8).

13. Said Certificate defines a covered person as "you" and "your spouse." Certain children may also qualify as covered persons but they can, in no event, be more than twenty-three (23) years of age. (Exhibit A, Definitions, at page 2).

14. According to said Certificate, benefits are payable to a "beneficiary," "your spouse, if living." (Exhibit A, Beneficiary, at page 4).

15. Said Certificate is evidence of the insurance provided under said Policy. (Exhibit A, ENTIRE CONTRACT, at page 5).

***Group Policy per***
***Affidavit of Colleen Gizinski***

16. J.C. Penney Life Insurance Company changed its name to Stonebridge Life Insurance Company. Said Policy substitutes Stonebridge as the "Company." (Exhibit B, Policy Change Endorsement effective January 1, 2002).

17. Said Policy defines "insured" as an eligible person who has enrolled for coverage as an insured and whose coverage has become effective. (Exhibit B, Definitions, at page 2).

18. Said Policy defines "covered person" as the insured, the insured's spouse and children under age 23, in certain circumstances. (Exhibit B, Definitions, at page 2).

19. Said Policy provides that a "beneficiary" as to loss of life of an insured is the spouse of the insured, if living. (Exhibit B, Beneficiary, at page 5).

20. According to said Policy, the Certificate describes the insurance coverage and states to whom the benefits will be paid. (Exhibit B, Insured's Certificate, at page 7).

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 23rd day of March, 2007, I mailed a true and exact copy of the within *LR Cv 56(a) Statement of Undisputed Facts of Defendant, Stonebridge Life Insurance Company in Support of its Motion for Summary Judgment* to **Keith A. Werner**, *Pro Se*, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

______________________________

of Hanson Curran LLP