UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
RUTLAND DIVISION

KEITH A. WERNER,
Plaintiff

v. No. 2:06-cv-174

STONEBRIDGE LIFE INSURANCE COMPANY,
ONE JOHN DOE DEFENDANT,
Defendants

VERIFIED CIVIL ACTION

Introduction

1. This action seeks damages for the plaintiff from the defendants for breach of contract, violations of both the consumer protection and insurance laws of the relevant state, torts of various sorts, promissory fraud, breach of duty of good faith and fair dealing and telemarketing fraud, via interstate transmission.



EXHIBIT C

## Parties

2. Plaintiff, Keith A. Werner, is a resident of Massachusetts, a citizen of the United States, the sole beneficiary or otherwise owner and holder in due course of the group accidental death insurance policy, the subject of the instant action

3. Stonebridge Life Insurance Company ("SLIC") is a corporation whose domicile is Rutland, Vermont.

4. Defendant John Doe, whose name is presently unknown but shall be revealed in discovery, is an employee of SLIC, or was, at all times relevant hereto.

## Facts

5. On May 5, 1997, George and Mary Werner entered into and agreement to purchase a group accidental death insurance policy from J. C. Penny Company

5. (cont'd) which, subsequently, conveyed said Policy to SLIC.

6. On or about May 8, 1997, Mary Werner received a Certificate purporting to outline the terms of the Policy. Because the Certificate contained confusing, ambiguous and contradictory language which Mrs. Werner did not understand, i.e. the language was too sophisticated for a senior citizen, life-long housewife, with no experience in business or legal affairs, to grasp the intracies of the deal, Mrs. Werner, via an interstate telephone call, spoke to the John Doe defendant who assured Mrs. Werner that the policy provided for a million dollar indemnity for any accidental death. Said defendant promised, " there is nothing to worry about both you and your husband are fully covered for any type of accidental death."

7. Mrs Werner relied exclusively upon the

7(cont'd) promises, guarantees and representations made by the John Doe defendant, to purchase the Policy.

8. In consideration of the Policy the premiums due were all paid in a timely manner while, the Policy remained in force.

9. On May 14, 2004 Mr. George Werner choked to death; a proper and timely claim for indemnification was conveyed to SLIC.

10. Per letter dated July 26, 2004, SLIC's claim specialist wrongfully denied Mrs. Werner's claim for indemnification.

## Claims

11. The defendants' became liable to pay the indemnification promised, but through negligence and bad faith failed to do so.

12. Defendants knowingly misrepresented material facts concerning the terms of the Policy with the intent to induce Mrs. Werner to make a purchase of the Policy.

13. Mrs. Werner did, in fact, rely upon aforesaid misrepresentations when deciding whether to purchase the Policy.

14. Defendant SLIC negligently failed to properly hire, train and supervise its employees relative to being forthright and honest in response to inquiries by prospective customers.

15. Defendants' are liable for the acts of their predecessors, officers, employees, agents and all those acting in concert.

16. All condition precedent to the filing of the instant action have been satisfied.

17. Defendants are liable to the Beneficiary for:

(a) Deceit

12. (Cont'd)

(b) Fraud, and Undue Influence

(c) Fraud in the Inducement

(d) Promissory Fraud

(e) Unfair and Deceptive Business Acts and Practices

(f) Breach of Contract

(g) Breaching Duty of Good Faith and Fair Dealing

(h) Failure to effectuate a prompt, fair and equitable settlement of the claim

(i) Violation of the Wire Fraud Act

(j) Telemarketing Fraud

(k) Intentional failure to effectuate a full fair and meaningful investigation as to all the facts and claims stated herein

Relief Sought

WHEREFORE, the Plaintiff seeks judgment against the Defendants jointly in severally in the amount

of One Million Dollars plus double or treble damages, punitive damages, and all costs and fees, plus interest, respectively.

Plaintiff demands a trial by jury and any relief the Court deems appropriate.

Dated: 8/18/06

Respectfully submitted,

Keith A. Werner

Keith A. Werner, Pro se
Box 100
S. Walpole, MA 02071

Verification

I hereby verify that the foregoing is true, accurate and correct.

Keith A. Werner

8/18/06