DPW:mdb 06-287 4/13/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REQUEST FOR PERMISSION/AUTHORIZATION TO FILE A MOTION FOR SUMMARY JUDGMENT AND INTENDED MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM, AFFIDAVIT, EXHIBITS AND STATEMENT OF UNDISPUTED FACTS (DOC. NO. 70)**

Now comes defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and objects to plaintiff's motion to strike defendant's request for permission/authorization to file a motion for summary judgment and intended motion for summary judgment, supporting memorandum, affidavit, exhibits and statement of undisputed facts (Document No. 70). As grounds for said objection, Stonebridge relies upon its

memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 13th day of April, 2007, I mailed a true and exact copy of the within *Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion to Strike Defendant's Request for Permission/Authorization to File a Motion for Summary Judgment and Intended Motion for Summary Judgment and Supporting Memorandum, Affidavit, Exhibits and Statement of Undisputed Facts (Doc. No. 70)* to **Keith A. Werner**, *Pro Se*, Box 861, Trenton, NJ 08625.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:mdb 06-287 4/13/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REQUEST FOR PERMISSION/AUTHORIZATION TO FILE A MOTION FOR SUMMARY JUDGMENT AND INTENDED MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM, AFFIDAVIT, EXHIBITS AND STATEMENT OF UNDISPUTED FACTS (DOC. NO. 70)**

Defendant, Stonebridge Life Insurance Company ("Stonebridge"), has filed an objection to plaintiff's motion to strike defendant's request for permission/authorization to file a motion for summary judgment and intended motion for summary judgment, supporting memorandum,

affidavit, exhibits and statement of undisputed facts (Document No. 70). This memorandum is offered in support of said objection.

## *Facts and Travel*

On or about March 26, 2007, Stonebridge was advised by the Court that Smith, J., had extended permission to Stonebridge to file its motion for summary judgment. Said motion for summary judgment and supporting memorandum of law (Document No. 67), and all supporting documents (Document Nos. 68 and 69) had, at that time, already been filed electronically.

Hard copies of all such documents, as referenced above, were placed in the United States Postal Service with the requisite postage, prepaid, addressed to Keith A. Werner at PO Box 8200, Cranston, RI 02920. So far as Stonebridge is aware, the placement of documents with postage prepaid in the United States Postal Service and properly addressed is all that is required of a party in forwarding copies of court papers in this circumstance.

Subsequently, on or about March 30, 2007, Stonebridge received notice that this Court, Almond, M.J., had denied all pending motions of plaintiff except for plaintiff's Motion to Amend Complaint (Document No. 54). Said motion was granted conditioned upon the filing by plaintiff of said First Amended Verified Civil Action by April 30, 2007. To the knowledge of Stonebridge, said First Amended Verified Civil Action has not yet been filed by plaintiff with this Court.

Plaintiff has now given notice that he has been relocated to New Jersey with a new address of PO Box 861, Trenton, New Jersey 08625. Stonebridge has therefore forwarded copies

of all the above-referenced documents to the new address for plaintiff in New Jersey through the United States Postal Service with postage prepaid.

*Argument*

**Provision of Documents**

As noted above, Stonebridge provided all documents to plaintiff (Document Nos. 67-69) plus a copy of its letter to Smith, J. requesting permission/authorization to file its motion for summary judgment, by placing copies of all documents in the United States Postal Service with postage prepaid to the former address of plaintiff, PO Box 8200, Cranston, RI 02920. Stonebridge has now provided complete copies of all such documents including the instant objection and memorandum to plaintiff at his new address in New Jersey.

**Permission/Authorization**

The motion of plaintiff to strike the request of Stonebridge for permission/authorization to file a motion for summary judgment is moot. This was already granted by this Court on March 26, 2007.

**Prematurity**

The motion for summary judgment is in no respect premature. Plaintiff lacks standing to bring any action in regard to the Certificate of Insurance issued to George L. Werner pursuant to the Group Accident Insurance policy in question. His lack of standing is a matter which can be raised at any time. *See National Org. for Women v. Scheidler*, 510 U.S. 249, 255, 114 S.Ct. 789,

802, 127 L.Ed.2d 99 (1994) ("Standing is a jurisdictional requirement which is open to review at all stages of litigation."); *United States v. AVX Corp.*, 962 F.2d 108, 115, n. 7 (1st Cir. 1992) ("[Standing] must be raised, either by the parties or by the court, whenever it becomes apparent.").

**Motion for Leave to File Amended Complaint**

The plaintiff's motion to amend complaint has been granted, conditionally. Provided plaintiff does file said First Amended Verified Civil Action before April 30, 2007, that would, presumably, render the previously filed motion for summary judgment of Stonebridge moot. However, Stonebridge intends to immediately file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) upon the same exact grounds as the previously filed motion for summary judgment by Stonebridge, as soon as plaintiff files said First Amended Verified Civil Action. The Court, in no respect, is required to delay a determination of the issue of standing to allow plaintiff to conduct discovery when plaintiff's lack of standing to bring the action is so patently obvious from a review of the actual Certificate of Insurance and the Group Accident Insurance policy. *See Becker v. Federal Election Com'n.*, 230 F.3d 381, 386, n. 3 (1st Cir. 2000) (Standing is to be "assessed under the facts existing when the complaint is filed") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). *See also Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993) ("The district court must remain mindful, however, that standing is a threshold, jurisdictional issue, and courts should attempt to resolve such issues as soon as possible.").

***Conclusion***

WHEREFORE, based upon the argument and authorities set forth above, Stonebridge requests that this Court deny plaintiff's motion to strike. (Document No. 70).

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 13th day of April, 2007, I mailed a true and exact copy of the within *Memorandum of Law in Support of Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion to Strike Defendant's Request for Permission/Authorization to File a Motion for Summary Judgment and Intended Motion for Summary Judgment and Supporting Memorandum, Affidavit, Exhibits and Statement of Undisputed Facts (Doc. No. 70)* to **Keith A. Werner**, *Pro Se*, Box 861, Trenton, NJ 08625.

/s/ David P. Whitman

of Hanson Curran LLP