DPW:fa 06-287 5/08/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME, OF THIRTY DAYS (Document No. 73)**

Now comes defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and objects to plaintiff's motion for extension of time of thirty days (Document No. 73). As grounds for said objection, Stonebridge relies upon its memorandum of law, exhibits, and affidavit of David P. Whitman, attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,
HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this **9th** day of **May, 2007**, I mailed a true and exact copy of the within *Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion for Extension of Time of Thirty Days* to **Keith A. Werner**, *Pro Se*, Box 861, Trenton, NJ 08625.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:fa 06-287 5/08/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME OF THIRTY DAYS (Document No. 73)**

Defendant, Stonebridge Life Insurance Company ("Stonebridge"), has filed an objection to the plaintiff's motion for an extension of time of thirty days (Document No. 73). This memorandum is offered in support of said objection.

***Facts and Travel***

In accordance with the Affidavit of David P. Whitman, the plaintiff's motion for extension of time which was allegedly mailed on April 19, 2007 per plaintiff's certification bears a postmark date of May 7, 2007. Said motion was received by David P. Whitman on May 8, 2007. (See Affidavit of David P. Whitman with Exhibits A and B thereto).

### ***Argument***

*Procedure*

Certification of mailing is supposed to provide court and counsel with assurance that the document so certified was actually placed in the United States Postal Service with sufficient postage and in sufficient form to reach its intended addressee. Despite the plaintiff's certification of mailing of April 19, the post-mark bears a date of May 7, 2007. The motion was not received by counsel for Stonebridge until May 8, 2007. This was long after the ten (10) day window for filing an objection. LR Cv 7(b). It was impossible for Stonebridge to object to the plaintiff's motion, timely.

*Substance*

The plaintiff seeks an extension of time to "respond, object and answer all matters!" This request for a generic extension is wholly unrelated to any specific motion or order. There is no way in which Stonebridge can intelligently respond to such a motion.

Over a month and a half ago, Stonebridge filed its motion for summary judgment and supporting memorandum. It has received no objection from plaintiff to said motion other than plaintiff's motion to strike of March 27, 2007 which does not address the merits of the motion.

Further, plaintiff never did file his first amended complaint within the required window in accordance with this Court's Order of March 30, 2007. This matter is therefore ripe, if not overripe, for hearing and determination by this Court on the motion for summary judgment of Stonebridge which goes to the heart of the plaintiff's original complaint, plaintiff's lack of standing.

Since plaintiff filed his complaint in the United States District Court for the District of Vermont, Stonebridge has raised plaintiff's lack of any standing to bring this action. Stonebridge's motion for summary judgment has been pending since mid-March.

The Federal Rules of Civil Procedure are designed to secure the just, speedy and inexpensive determination of every action. Fed.R.Civ.P. 1. Stonebridge is entitled to a just, speedy and inexpensive determination by this Court of the plaintiff's complaint. This is especially true when the plaintiff so clearly lacks standing to bring said action.

WHEREFORE, on the basis of the foregoing argument and authorities, Stonebridge requests that this Court deny the plaintiff's motion for an extension of thirty days (Document No. 73).

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,
HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 9th day of **May, 2007**, I mailed a true and exact copy of the within *Memorandum of Law in Support of Objection of Defendant, Stonebridge Life Insurance Company, to Plaintiff's Motion for Extension of Time of Thirty Days* to **Keith A. Werner**, *Pro Se*, Box 861, Trenton, NJ 08625.

/s/ David P. Whitman

of Hanson Curran LLP