UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. No. 1:07-CV-00082-S

STONEBRIDGE LIFE INSUR. CO., ET AL

PLAINTIFF'S MOTION TO CHANGE VENUE

Plaintiff, Keith A. Werner, respectfully moves this Honorable Court to transfer the instant case to the United States District Court Northern District of Texas, Dallas Texas, for the below-listed reasons.

1. This is a diversity action for fraud, civil RICO violations, breach of contract, inter alia.
2. Neither the plaintiff nor defendants are citizens or residents of Rhode Island
3. All causes of action arose in Texas.

4. Defendants have their main/administrative office in Texas. See Exhibits A, B, C, D, E and F, appended hereto.

5. Defendants have their principle place of business in Texas wherein sales are solicited, complaints received, questions by consumers answered, premiums are received, banking is transacted, employees are hired, trained, supervised, fired and paid.

6. Defendants pay taxes to Texas, own real property in Texas, have designated an agent for service in Texas and accepted process in the instant case in Texas.

7. The brunt of the claims in the instant action arose in Texas, the telephonic and mail fraud was committed in Texas and the contract was made and accepted in Texas.

8. The Defendants holding companies and telephone solicitors are in Texas.

9. The majority of witnesses the plaintiff will call to testify live in Texas

10. The very language of the contract evinces that Texas is the place where

9. (cont'd) the telephone solicitation to purchase the insurance, the place where premiums are to be sent, the place where Notice of Claims are to be sent, along with proof of loss and claim forms.

10. Tellingly the Certificate of Insurance (No. 68-2) (Pg 6) describes "Payment of Premiums, indicating they are to be conveyed to Plano, Texas, and in the event they are not received a default shall terminate the policy.

## General Rule That Acceptance Must Comply With offer

It is generally accepted in order to make a bargin that the acceptor shall give in return for the offeror's promise exactly the consideration which the offer requests Restatement 2nd Contracts §58. Thus if an act is requested - in the instant case that premiums be received in Plano, Texas - that very act affirms the deal. SLIC dictated the terms

and place in which the offer would be accepted

The offeror, SLIC, as creator of a power of acceptance demanded an exclusive method of acceptance. Mary Werner complied; premiums were faithfully conveyed to Plano, Texas. Once received the contract began, continued and was subsequently breached, in Texas— not in Rhode Island.

The place of the contract is the place where the last act necessary to the completion of the contract was done. Lakeside and Shell Co v. Mountain Steel Construction Co. 445 U.S. 907 (1980) (collecting numerous cases). The place the contract was formed will be the place where the acceptance is effective; if it is effective only upon receipt, the place of the contract will be there. Dickey v. Heard, 33 F2d 415, cert denied, 28 U.S 601 (1st. Cir 1929) Hence, there can be no

legitimate dispute that Texas is the venue where the contract was made. Accordingly, Rhode Island is not a proper venue for the instant case. The plaintiff is incarcerated in New Jersey, the defendants and witnesses all reside in Texas.

WHEREFORE, the instant case should be transferred to the United States District Court, Northern District of Texas, at Dallas.

Dated: 6/21/07

Respectfully submitted,
Keith A. Werner

Keith A. Werner, Pro se
#574883
Box 861
Trenton, NJ 08625