UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. No. 1:07-CV-082-S

STONEBRIDGE LIFE INSURANCE CO., ET AL

PLAINTIFF'S OPPOSITION TO MAGISTRATE'S REPORT AND RECOMMEDATION GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT; AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Keith A. Werner, hereby objects to the Report and Recommendation by Magistrate Almond [No. 80] granting Defendant's Motion for Summary Judgment [No. 67]. Plaintiff pursuant to Rule 56, Fed. R. Civ. P., requests this Honorable Court to grant him summary judgment as to the liability of both Defendants Stonebridge Life Insurance Company ("SLIC") and John Doe, respectively.

The reasons therefor are set forth in Plaintiff's Affidavit, Memorandum of Law and exhibits in support, appended hereto.

Dated: 6/24/07

Respectfully submitted
Keith A. Werner
Keith A. Werner, Pro se
(# 574883)
Box 861
Trenton, N.J. 08625

Certification

I hereby certify that I caused a true copy of the instant Motion, Affidavit, Memorandum of Law and exhibits in support on ~~John P. Fargnoli~~ (KAW) David P. Whitman, 146 Westminster Street, Providence, R.I. 02903, via first-class mail postage prepaid, on this 24th day of June 2007

Keith A. Werner

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v. No. 1:07-CV-082-S

STONEBRIDGE LIFE INSURANCE CO., ET AL

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MAGISTRATE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## Introduction

Magistrate Almond granted Defendant's Motion for Summary Judgment based upon the following: (1) Plaintiff did not file an objection to the Motion for Summary Judgment; and, (2) the plaintiff lacks standing to prosecute the instant action viz., he is not the beneficiary to the Accidental

Death and Dismemberment insuance policy ("ADD") issued by Defendants.

As the record reflects, the plaintiff did not receive a copy of the Defendant's Motion for Summary Judgment [No. 67], filed on March 23, 2007, until June 22, 2007 thus, the plaintiff was unable to frame a responsive-opposition

Factual Backround

Plaintiff, proceeding pro se, brings this action claiming that his parents purchased a group accidental death insurance policy from Stonebridge Life Insurance Company ("SLIC") (f/k/A J. C. Penny Life Insurance Company). Plaintiff's father subsequently died, and coverage on the policy was denied. Plaintiff is now suing for, inter alia, fraud and breach of contract.

Plaintiff's complaint alleges that on or about May 5, 1997, his parents George and Mary Werner, agreed to purchase a group

accidental death policy from J.C. Penny Company.[1] Soon thereafter, Mrs. Werner received a certificate specifying the terms of the policy. Mrs. Werner did not understand the language in the policy, and telephoned the "John Doe" defendant with her questions. John Doe assured Mrs. Werner that the policy provided a million dollar indemnity for ~~any~~ accidental death, regardless of any preexisting health problems. Mrs. Werner purchased the policy in reliance upon these statements, and paid all premiums in a timely manner.

On May 8, 2004, George Werner choked to death. A timely claim for indemnification was made to SLIC. SLIC denied coverage.

On May 8, 2005, Mary Werner, in accordance with the provisions of the policy

---

1 J.C. Penny subsequently convey the policy to SLIC.

notified SLIC that Keith Werner, the plaintiff, is the sole beneficiary of the policy. The plaintiff initiated this action on August 29, 2006. Plaintiff avers the defendants fraudulently induced Mrs. Werner into purchasing the policy, engaged in unfair and deceptive business acts, failed to "properly hire, train and supervise its employees and engaged in other tortious conduct, and breach of contract.

## I. Argument

### A. Plaintiff Did Not Receive Defendant's Motion for Summary Judgment Until June 22, 2007

Defendants filed the Motion for Summary Judgment on March 23, 2007. The plaintiff was transferred from the Rhode Island Department of Corrections to the New Jersey Department of Corrections on March 27, 2007; his mail was not forwarded to him. The plaintiff requested the Court Clerk, via his family, to

forward a copy of the docket sheet and all pending and motions to him in New Jersey. The Clerk refused allegedly stating "Mr. Werner will have to put his request in writing," which, he did via writ of mandamus [No. 79]. The writ was granted; plaintiff received the docket sheet and all of the many documents filed by the defense, on June 22, 2007.

Rule 56(c) provides a 10-day period for responding to a summary judgment motion from the time the motion is received.

The plaintiff did not receive the Magistrate's Report and Recommendation until June 22, 2007

Hence, due to circumstances beyond his control, the plaintiff was not able to respond to Defendant's Motion for Summary Judgment. Accordingly, the plaintiff should be permitted to have his Opposition and Motion for Summary Judgment heard.

B. Plaintiff Has Standing To Bring The Instant Action

" Determination of whether the plaintiff has standing to bring the instant action turns directly upon whether the insurance policy at issue in this case evinces an intent to confer a benefit upon the plaintiff as a party to, or a beneficiary of said Policy." [Def's. Mtn. for S.J., Memo in Support, Page 4]. [No. 67-1]

C. Provisions of Certificates of Insurance

The Certificates of Insurance submitted by Defendants in support of their Motion for Summary Judgment clearly state:

CHANGE OF BENIFICIARY

You may change the beneficiary at any time by writing to us at 2700 West Plano Parkway, Plano, Texas 75075 or to the Policyholder.

See 68-2 Page 5, Last Paragraph, and 68-3, Page 7 Second Paragraph. Thus, by the provisions

within the contract the plaintiff has standing as a beneficiary to sue. Also see [No. 6] Affidavit of Mary Werner attesting to to the fact Keith A. Werner is the sole beneficiary [No. 6, Paragraph 9] Also see Exhibit 1, annexed hereto. Wherein Mary Werner, in accordance with the provisions of the Certificates of Insurance notified Defendants of the change of beneficiary

A plaintiff has standing to sue only if the defendant's conduct has caused some actual injury, and if a favorable decision is likely to redress the injury. Allen v. Wright, 468 U.S. 737, 751 (1984); Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 472 (1982). Here, Defendants tortious conduct and breach of contract has deprived plaintiff of the indemnification, and a favorable decision would certainly redress the injury.

Consequently, the plaintiff is in both law and fact the beneficiary of the

policy and has standing to sue.

D. The Magistrate's Ruling That The Insurance Policy's Interpretation is Subject to Rhode Island Law

The R and R states in pertinent part:

> To determine whether Plaintiff hai Article III standing to bring the present suit in [the] federal court, the Court considers the interpretation of the language of the insurance policy under Rhode Island law (citations omitted) [R and R at 6]

This is contrary to U.S. Supreme Court precendent A 1964 U.S. Supreme Court decision held that if the transfer of venue was on the motion of the defendant, as it was in the instant case, the transferee court must apply the law that would have been applied in the transferor court, so that a change of forum will mean a change in courtroom, but not a change of law. Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). In Ferens v. John Deere Co., 494 U.S. 516 (1990), plaintiff's brought suit for a Pennsylvania injury in Mississippi, since the

statute of limitations would have barred the suit in Pennsylvania. On their motion the district court in Mississippi then transferred the case back to Pennsylvania. Even under those circumstances, the Mississippi statute of limitations continued to apply. A majority of the Court held that the transferee court must "apply the law of the transferor court, regardless of who initiates the transfer." A transfer under 28 U.S.C. 1404(a), in other words, does not change the law applicable to a diversity case. Id. 494 U.S. at 523

E. The Magistrate Erred By Purporting Plaintiff Was Not An Intended Third Party Beneficiary

The R and R purports the plaintiff was/is not an intended third party beneficiary. This is incorrect. See Exhibit 2, appended hereto. Also see No. 6, Affidavit of Mary Werner. Thus, the Restatement of Contracts (Second) to will Rhode Island adheres gives plaintiff standing as a third-party beneficiary.

## II STATEMENT OF DISPUTED AND UNDISPUTED MATERIAL FACTS

A. DISPUTED FACTS

1. Keith A. Werner is, and has been all times relevant hereto a beneficiary to the ADD policy. See, Verified Civil Action [No. 5] paragraph 2. (If a complaint is Verified the Court should consider it as an affidavit in opposition to summary judgment. Neal v. Kelly, 963 F2d 543, 547 (D.C. Cir. 1992) (cases cited); Williams v. Griffin, 952 F2d 820, 823 (4th Cir 1991); Williams v. Adams 935 F2d 960, 961 (8th Cir 1991). See No 6 Affidavit of Mary Werner. See Exhibits 1, and 2 annexed hereto.

2. George L. Werner accidentally choked to death See Exhibits 3, 4 and 5 (hospital records listing cause of death) There is ample case law that a death certificates cause of death is not necessarily synonymous with the term "accident" in insurance policies. See Bornstein v. JC Penny Life Ins. Co, 946 F. Supp. 814 (D.C. Cal. 1996); Fagan v. J.C. Penny, 692 P2d 887 Wash App 1984); Fuller v. Hartford Life Ins. Co., 281 F3d 704 rehearing denied (8th Cir. 2002); Harrison v. Monumental Life Ins. Co, 333 F3d 717 (6th Cir 2003)

3. Defendants engaged in the tortious conduct in order to induce Mary Werner to purchase the ADD policy.

4. Mary Werner was promised the policy was for a one million dollar indemnity for any accidental death, regardless of any preexisting health problems; twice she was promised this.

5. Defendants wrongfully denied indemnification for George L. Werners death

6. On May 8, 2006, Mary Werner properly notified SLIC of the fact that the plaintiff is the beneficiary.

7. Defendant's preyed upon an elderly woman with their fast talking sales pitch, and did do in bad faith

8. The contract was made in Texas. See e.g. J.C. Penny v. Pitts, et al, 139 SW3d 455 n.9 (Tex App. 2004)

9. Defendants breached their fiduciary duty to Mary Werner and, consequently, the plaintiff

10. Vermont law, not Rhode Island law, controls.

B. UNDISPUTED FACTS

1. Defendant John Doe has not retained counsel or otherwise defended himself since the case was transferred to Rhode Island

2. SLIC's Vice President made representations (to the plaintiff) in a reply-letter dated August 9, 2006

3. All premiums were paid in a timely manner.

## Conclusion

WHEREFORE, in view of the foregoing this Honorable Court should reject the Magistrate's Report and Recommendation, and order the case to proceed.

Dated: 6/24/07

Respectfully submitted,
Keith A. Werner

Keith A. Werner, Pro se
(#574883)
Box 861
Trenton, N.J. 08625