UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
Plaintiff

v. No 1:07-CV-00082-S

STONEBRIDGE LIFE INSURANCE Co., ET AL
Defendants

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Keith A. Werner, hereby objects to Defendants Motion for Summary Judgment [No 68, 69] and proffers the following disputed material facts.

DISPUTED MATERIAL FACTS

1. The plaintiff has standing to sue; he is the beneficiary of the insurance policy See [No. 6] Affidavit of Mary Werner. (also appended hereto)

2. In support of Defendant's Summary Judgment Motion are appended thereto: two copies of the Certificate of Insurance, one from Stonebridge Life Insurance Co. ["SLIC"], [No. 68-2] and the other from J.C. Penny Life Insurance Co. ["JCPLIC"], [No 68-3]. On Pages 5 and 7, respectively, is a clause entitled "Change of Beneficiary" that states, in relevant part:

CHANGE OF BENEFICIARY

You may change the beneficiary at any time by writing to us at 2700 West Plano Parkway, Plano, Texas 75075 or to the Policyholder.

Contrary to Defendants contention, the doctrine of contra proferentum applies to the instant matter. Mary Werner did in fact notify SLIC of the change of beneficiary, by complying with the terms of the contract. See No. 6, Affidavit of Mary Werner. Also, No 5, Verified Civil Action, Paragraph 2.

3. Tellingly, the defense omitted this portion of the contract when arguing the plaintiff lacks standing.

## I. ARGUMENT

A plaintiff has standing to sue only if the defendant's conduct has caused some actual injury, or threatens to do so, and if a favorable decision is likely to redress the injury. Allen v. Wright 468 U.S. 737, 751 (1984); Valley Forge Christian College v. Americans United for Separation of Church and State 454 U.S. 464, 472 (1982) Under this standard, Defendants Motion for Summary Judgment fails, and should be DENIED.

Plaintiff has clearly established he is the sole beneficiary and, owner and holder in due course of all rights, claims and liabilities of the Policy See [No 5, Paragraph 2]; [No 6, No 68-2 and 68-3, pp 5 and 7, respectively]; also 37-2, "Parties" at 1

WHEREFORE, because the plaintiff has established his right, in both law and fact, as beneficiary and the defense has failed to comply with Rule 9 (a) (requiring specific negative averments), Defendants Motion for Summary Judgment should be DENIED

Dated: 6-21-07

Respectfully submitted,
Keith A. Werner
Keith A. Werner Prose
#574883
Box 861
Trenton, NJ 08625

Certification

I hereby certify that I caused a true copy of the within Opposition to be served on defense counsel David P. Whitman, 146 Westminster St. Providence, R.I. 02903 on June 21, 2007

Keith A. Werner