**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
**RUTLAND DIVISION**

**KEITH A. WENER,**
**Plaintiff**

**STONEBRIDGE LIFE INSURANCE COMPANY,**
**Defendants**

# AFFIDAVIT OF MARY A. WERNER

I, Mary A. Werner hereby say:

1. On or about May 5, 1997, I received an unsolicited telephone call regarding the purchase of accidental life insurance. I accepted a tentative agreement to purchase accidental death insurance for my husband.

2. I was informed that upon receipt of the Certificate, I was to review the terms and conditions of coverage and that after three months, if I did not want such coverage, I could cancel without paying anything.

3. I did not understand the language contained within the Certificate. I completed two years vocational high school in 1946 and have been a mother for 54. I was married to my husband in 1952. For over 44 years, my husband exclusively dealt with all legal, financial, and business matters, while I took care of the raising five children.

4. On May 27, 1997, I telephones Stonebridge Insurance Company and made numerous inquiries as to the nature, degree, and scope of the coverage. The salesman stated emphatically that my husband would be covered for *any* accident; the indemnity was absolutely one million dollars. The salesman told me not to worry about the legalese and that "Stonebridge has us covered."

5. I was so convinced by the representations, promises, and guarantees aforesaid, that I requested that Stonebridge add "family coverage".

6. On May 8, 2004, my husband chocked to death. I filed a claim a week or so later. I received a reply in the form of a letter dated July 24, 2004 from James King, Technical Claims Specialist. In the letter, he stated that my claim was being denied because my husband's death certificate indicated my husband's death was

EXHIBIT 1

"the result of aspiration pneumonitis..." Choking to death is "accidental". Further, the Certificate provides exemptions from "non liability indemnifications" which include "[b]acterial infection which result from an injury".

7. The Policy also states, "No medical exam required and guaranteed acceptance with the accidental death insurance, so it doesn't matter if you have health problems".

8. Sometime after my husband's death and the denial of benefits by Stonebridge, my son read the Certificate several times and explained to me the terms and conditions. These were nothing remotely close to the promises, guarantees, and representations made to me by the salesman on May 27th 1997.

9. My son, Keith A. Werner, is the sole benefactor and owner and holder in due course regarding the instant accidental death policy.

10. I swear under pain and penalties of perjury the foregoing is true.

Dated: September 7, 2006

Mary A. Werner

Mary A. Werner
650 East Greenwich Avenue
6/301
West Warwick RI 02893

Cathy [signature]
Notary Public
Exp. 7/1/09