UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v.

STONEBRIDGE LIFE INSURANCE CO,
JOHN DOE, an employee of Stonebridge

PLAINTIFF'S REQUEST FOR A READJUSTMENT IN THE COURT'S TIME LIMITS AND TIME COMPUTATIONS

Plaintiff, Keith A. Werner respectfully requests this Honorable Court to readjust the Court's time limits and time computations with respect to the filing deadlines placed on Mr. Werner. The basis for this Motion is:

1. On August 29, 2006, I filed this action, in the US District Court, Vermont.
2. As the docket reflects I have exercised due diligence in prosecuting this action.
3. It was not until this case was transferred

3. (cont'd) to the U.S. District Court that the plaintiff began experiencing problems, to wit: the new attorney has failed to send me any of his motions, oppositions, memoranda of law or exhibits. Plaintiff received two copies of a cover letter to the Court Clerk.

4. Plaintiff also has not received any court orders, except for the orders contained in the package the clerk sent to me, pursuant to my writ of mandamus [No 79]. On June 25, 2007 Plaintiff received, for the first time, a copy of all the defendants filings, all court orders, and a docket sheet. See Exhibit 1, (New Jersey State Prison Mail Receipt, dated June 25, 2007). (ALL legal mail must be signed for; Plaintiff shall produce documentation the Attorney Whitman sent me any of his many filings.)

5. In view of the exceptional circumstances beyond plaintiffs control it would offend justice to deny the plaintiff relief due to prejudicial conduct he has

5 Cont'd endured, particularly where the non-receipt of defense filings resulted in large measure from defense counsel's intentional refusal to comply with the Local Rules and Federal Rules of Civil Procedure.

6. Defendants should not be rewarded by their wrongdoing.

7. This Court may rely on the doctrine of equitable estoppel. This precept "applies in both law and equity to deny a party the right to plead and prove an otherwise important fact... because of something the wrongdoer has done or omitted to do." Associated Business Tel. Sys. v. Greater Capital, 729 F. Supp 1488, 1498 (D.N.J. 1990)

8. "It is a well established maxim of the law that 'he who comes into equity must come with clean hands.'" Dr. Franklin Perkins School v. Freeman 741 F2d 1503, 1517 (7th Cir. 1984). The doctrine of unclean hands, like the doctrine of equitable estoppel "is not limited to suits in equity; the general principle is equally suited to damage actions" Associated Business Tel. Sys. v. Greater Capital, 729 F Supp 1488, 1498 (D. N.J. 1990)

5.(cont'd) endured, particularly, where the non-receipt of filings resulted in very large part from defendants' non-compliance with the Federal Rules of Civil Procedure, Local Rules and Rules of Professional Conduct. Defendants should not insulate

WHEREFORE, this Honorable Court, in view of the foregoing should vacate prior deadlines, readjust those deadlines (to respond to defendants motions, etc.) within the Court's orders to compute with an amended order's time limits.

Dated: 7/10/07

Respectfully submitted,
Keith A. Warren

Keith A. Warren, Pro se
Box 8200
Cranston RI 02920
AND
Box 861 (#574883)
Trenton, N.J 08625