UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v.

STONEBRIDGE LIFE INSURANCE Co, Inc,
JOHN DOE, Unknown employee of Stonebridge

**MOTION TO RECONSIDER THE STRIKING OF PLAINTIFF'S REPLICATION (No. 34) and Writ of Error Coram Nobis**

Plaintiff, Keith A. Werner requests this Honorable Court to reconsidering the striking of Plaintiff's Replication (Text Order dated 4-10-07). The basis for this Motion and the Writ of Error Coram Nobis is that this Court overlooked or misapprehended applicable law and material facts.

1. The instant action was filed in the

U.S. District Court, District of Vermont Burlington Division, on August 29, 2006

2. On January 23, 2007, the Honorable Chief Judge William Sessions III entered an order [No 30] granting 25 Plaintiffs' Request for an Extension on Time to Respond to Defendants Answer 22, ... and granting a request by plaintiff to respond to 11, Defendants Answer.

3. On February 2, 2007, Plaintiff filed his Replication* to 11 Defendants Answer.

4. The Chief Judge gave an order permitting a response to the Defendants' Answer, see No 30, dated January 23, 2007

5. On March 6, 2007, the instant case was transferred from Vermont to

---

* Black Law Dictionary defines a Replication as a plaintiffs response to a defendants Answer. Federal courts may ignore the label a pro se litigant attaches to a motion and recharacterize it and place the motion within a different category to avoid inappropriately stringent application of (continued)

5. (cont'd) to Rhode Island. On ~~May~~ April 10, 2007 a Text Order granted [58] Motion to Strike Plaintiff's Replication. The Magistrate went on to say: "Plaintiff's Replication is unnecessary and not permissible under the Federal Rules off Civil Procedure or this District's Local Rules."

## Argument

A. Res ~~Adjudication~~ Ajudicata

Judge Sessions III, on January 23, 2007 entered an order granting two separate

---

* (cont'd) formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis. Castro v. U.S. 124 S.Ct. 786, 784 (2003) (citing cases) including Raineri v. U.S. 233 F3d 96, 100 (1st Cir 2000). See also Cruz v. Beto 405 U.S. 319 (1979) (Held: the substance of the pleading rather than the form should be the dispositive factor when considering a Motion to dismiss)

request by the plaintiff to respond to Defendant's Answer. The Magistrate can not overrule the Chief Judge. The matter was already decided.

B. Which Law Applies- Vermont or Rhode Island?

The Magistrates Text Order states that "this Districts Local Rules" do not permit the already filed and permitted to be filed Replication

1. Vermont Law is Controlling

On January 29, 2007 Defendants' filed their motion to change venue 28 which was granted on February 22, 2007, 43. On March 6, 2007, the US. District Court for Rhode Island received a certified copy of the case.

On March 3, 2007 Magistrate Almond issued several Text Order. The ~~[illegible]~~ Magistrate states in 3 out of the 5 orders, "This

case is no longer pending in Vermont and its local rules no longer apply." On April 10, 2007, the Magistrate states that the Replication is not permissible under the Federal Rules of Civil Procedure [which is inaccurate; one can file a replication by the court's permission — as did Plaintiff] or this District's Local Rules."

The Magistrate's Order are both contrary to, and involved an unreasonable application of clearly established law, as determined by the Supreme Court of the United States. A 1964 Supreme Court decision held that if the transfer of venue was on the motion of the defendant — as it was in this case — the transferee court must apply the law that would have been applied in the transferor court, so that a change in forum will mean a change in a courtroom, but not a change of law. Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). Also, the substantive

law will not be changed by a transfer Van Dusen v. Barrack, 376 US at 643-646.

In Ferens v. John Deere Co., 494 U.S 516 (1990) the plaintiffs brought suit for a Pennsylvania injury in Mississippi, since the statute of limitations would have barred the suit in Pennsylvania. On plaintiff's motion, the district court in Mississippi then transferred the case back to Pennsylvania. Even under those circumstances, the Mississippi statute of limitations continued to apply. The Court held that the transferee court "must apply the law of the transferor court regardless of who initiates the transfer." Accord Hoffman v. Blaski, 363 US 335 (1960)

Consequently, the Magistrates orders granting Defendants Motion to Strike Plaintiff's Replication 58 should be vacated. Further, the Magistrate should be aware that Vermont law in this diversity action is controlling, not Rhode Island law.

WHEREFORE, the Magistrate's orders relating to Plaintiff's Replication should be VACATED and REVERSED, as should his text orders of March 30, 2007 relative to Plaintiff's Motion to be Exempted from Local Rule 26.1 (a), (b) and 16.3(f)(1) 52 and Motion 50, to Waive Local Rules 26.1 (b) (1,2) (d) (A)(B) (i, ii, and iii) and 2(d) 1. Vermont law is controlling in this case, not Rhode Island law and a Declaratory Judgment should enter indicating such

Dated: 7/10/07

Respectfully submitted
Keith A. Werner
Box 8200
Cranston R.I 02920
and
Box 861 (#574883)
Trenton, N.J. 08625

NOTE: Mr. Werner was transferred back to R.I. temporarily, to take care of legal matters. He "should"

return to New Jersey in the near future.

Date: 7/10/07

Keith O. Warner