DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO PLAINTIFF'S "MOTION TO
CHANGE VENUE" (Document No. 81)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Motion to Change Venue" (Document No. 81) by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Objection to Motion to Change Venue* to **Keith A. Werner**, *Pro Se*, PO Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S "MOTION TO CHANGE VENUE" (Document No. 81)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Motion to Change Venue" (Document No. 81) by objecting thereto and requesting that the same be denied. The within memorandum of law is offered in support of Defendant's objection.

***Background***

The plaintiff commenced the above-captioned matter in the United States District Court for the District of Vermont on September 12, 2006, with the filing of a "Verified Civil Action." ("complaint") (Document No. 5-1). The complaint, which named as defendants Stonebridge Life Insurance Co. ("Stonebridge") and a single "John Doe" defendant (an unknown employee of Stonebridge), alleges that the plaintiff is entitled to the benefits and proceeds of a Certificate of

Insurance (See Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 67) issued to plaintiff's father, George L. Werner, pursuant to a Group Accident Insurance Policy (See Exhibit B to Stonebridge's Motion for Summary Judgment, Document No. 67). The complaint alleges fraud and breach of contract arising out of Stonebridge's denial of benefits under the pertinent provisions of the insurance policy following the death of George L. Werner.

Stonebridge answered the complaint on November 30, 2006, (Document No. 11) and subsequently filed a motion, under 28 U.S.C. § 1404(a), seeking to transfer the case to the United States District Court for the District of Rhode Island. (Document No. 22). On February 1, 2007, plaintiff filed memorandum in opposition to Stonebridge's motion to change venue. (Document No. 33-1). Among plaintiff's contentions were that Stonebridge's home office was located in Vermont; Stonebridge had employees, agents, and representatives in Vermont; Stonebridge paid taxes in Vermont; and Stonebridge was otherwise engaged in business practices in Vermont. Plaintiff also indicated that he intended to call between ten and fifteen witnesses who were residents of Vermont, though he failed to specifically identify those witnesses by name or otherwise.

On February 22, 2007, the United States District Court of the District of Vermont issued an "Opinion and Order" granting Stonebridge's motion to change venue and thereby transferred the case to the United States District Court for the District of Rhode Island. (Document No. 43). Applying a multi-faceted analysis to assess the convenience of the parties and the interests of justice, the Court concluded that all relevant factors, including the location of evidence, location of parties pertinent to the case (specifically plaintiff and his mother), and the locus of operative facts, dictated that the matter be transferred to Rhode Island, which it deemed the "more appropriate venue for this litigation."

Since its transfer, the matter has progressed forward in Rhode Island District Court. All motions pending in the Vermont District Court were transferred to the Rhode Island District Court for determination. Both plaintiff and Stonebridge have filed numerous other motions and objections with the Court. Among these, Stonebridge has filed a Motion for Summary Judgment on the ground that the Plaintiff lacks standing to pursue the instant action. (Document No. 67). On June 19, 2007, Magistrate Judge Lincoln Almond issued a Report and Recommendation granting Stonebridge's motion. (Document No. 80).

On July 9, 2007, plaintiff filed several motions and memoranda with the Court. Among these, plaintiff filed the instant "Motion to Change Venue," (Document No. 81), requesting that this matter now be transferred to the United States District Court for the Northern District of Texas. Contrary to his contentions in response to Stonebridge's initial Motion to Change Venue from Vermont to Rhode Island (Document No. 22), Plaintiff now asserts that Texas is the appropriate forum for this matter. He specifically alleges that Stonebridge's "main/administrative office" is in Texas; its principal place of business is in Texas; and the "brunt of the claims in the instant action arose in Texas."

***Argument***

When the United States District Court for the District of Vermont ruled that Rhode Island was the appropriate forum for the litigation of this matter, it established the "law of the case," which is binding upon this Court. "'As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Christianson v. Colt Industries*

*Operating Corp.*, 486 U.S. 800, 815-16 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id.* at 816 (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice, ¶ 0.404[1], p. 118 (1984)).

The United States Supreme Court has recognized that the "doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id.* Moreover, "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Id.* (citing *Hayman Cash Register Co. v. Sarokin,* 669 F.2d 162, 164-170 (3rd Cir. 1982); *Skil Corp. v. Millers Falls Co.,* 541 F.2d 554, 558-559 (6th Cir. 1976)). "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id. See also Moses v. Business Card Express, Inc.*, 929 F.2d 1131 (6th Cir. 1991) (quoting *Christianson*, 486 U.S. at 816) ("Because of the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong,' the law of the case doctrine applied 'with even greater force to transfer decisions than to decisions of substantive law.'"). Though a court has the inherent power to revisit prior decisions of its own or coordinate courts in any circumstance, as a rule courts are "loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona*, 460 U.S. at 618, n.8).

In light of these authorities, Stonebridge submits that it is clear that the United States District Court for the District of Vermont established the law of this case by granting Stonebridge's motion to transfer this matter to the United States District Court for the District of

Rhode Island. This decision was made upon motion by Stonebridge filed before the Vermont District Court. The Plaintiff was provided an opportunity to respond to Stonebridge's motion, and filed a lengthy memorandum in opposition. (Document No. 33). It is noteworthy that in that submission, the Plaintiff argued that Vermont, not Texas, was the proper forum for this matter. After considering the submissions of both parties, the Court issued its "Opinion and Order," thereby transferring this matter to the District Court for Rhode Island. In so doing, the Court issued a substantive ruling on the issues presented by Stonebridge's motion. Consequently, the Court's decision is the law of the case and may not be revisited by this Court.

In addition, the Vermont District Court's "Opinion and Order" is void of any error of law and does not affect a "manifest injustice" necessary for this Court to revisit the determinations therein. As the Vermont District Court properly recognized, Rhode Island is the appropriate venue for this matter. Clearly, all of the operative facts which form the basis of the Plaintiff's claim(s) occurred in Rhode Island. Indeed, the Certificate of Insurance was issued in the State of Rhode Island to Mary Werner, a Rhode Island resident, who requested that her husband, George Werner, likewise a Rhode Island resident, be made the primary insured under the policy. As the Vermont District Court recognized, "all pertinent contracts with [Stonebridge] and its agents were made while Werner's parents lived in Rhode Island." (Document No. 43, at 8). Thus, Rhode Island, as the state in which the insurance contract was issued, has the most substantial interest in this litigation. In addition, George Werner died in Rhode Island, and all medical witnesses who would be necessarily called to testify in connection with his death are located in Rhode Island. Moreover, as the Vermont District Court noted, Stonebridge's alleged wrongful denial of coverage was to Mrs. Werner and Plaintiff, who were residents of Rhode Island and Massachusetts, respectively, during the pertinent time period. (Document No. 43, at 11).

Lastly, Stonebridge asserts that the timing of the Plaintiff's instant motion to change venue is suspect in that it falls directly upon the heels of the Report and Recommendation of Magistrate Judge Lincoln Almond, issued on June 19, 2007 (Document No. 80), granting Stonebridge's pending Motion for Summary Judgment. (Document No. 67). In light of the content of the Report and Recommendation, the Plaintiff's motion appears to be an effort to test the waters of a new jurisdiction for the purpose of avoiding a judgment in favor of Stonebridge by this Court. As such, Plaintiff's motion has the hue of last ditch attempt to spare his claim and delay this matter in the hopes of finding a jurisdiction more receptive to his purported claims (and less receptive to Stonebridge's defenses). Stonebridge respectfully requests that this Court prevent this improper motion practice and deny the pending motion. *See Christianson*, 486 U.S. at 816, n. 5 ("Perpetual litigation of any issue-jurisidictional or nonjurisdictional-delays, and therefore threatens to deny, justice.").

WHEREFORE, on the basis of the foregoing, Stonebridge requests that this Court deny the Plaintiff's pending "Motion to Change Venue."

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Memorandum of Law in Support of Objection to Motion to Change Venue* to **Keith A. Werner**, *Pro Se*, PO Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP