DPW:nrm 06-287 7/12/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**RESPONSE OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S "OPPOSITION TO MAGISTRATE'S REPORT AND RECCOMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT" (Document No. 82)[1]**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and responds to Plaintiff's "Opposition to Magistrate's Report and Recommendation Granting Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Summary Judgment." (Document No. 82).

[1] On July 18, 2007, the Court deemed the Plaintiff's "Opposition" (Document No. 82) to be a "Motion for Reconsideration" and referred this matter to Magistrate Judge Almond for reconsideration of his Report and Recommendation granting Stonebridge's pending Motion for Summary Judgment. The within Memorandum of Law therefore is submitted in support of Stonebridge's pending Motion for Summary Judgment.

### *Background*

Plaintiff's complaint seeks damages for alleged breach of contract, i.e., the Certificate of Insurance ("said Certificate") (*See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2) issued to his father, George L. Werner, pursuant to the Group Accident Insurance policy ("said Policy") (*See* "Group Accident Insurance Policy," Exhibit B to Stonebridge's Motion for Summary Judgment, Document No. 68-3) which, as of January 1, 2002, was issued by Stonebridge to CitiBank (South Dakota), N.A. Plaintiff alleges that his "sole beneficiary / "otherwise owner" / "holder in due course" of said Certificate and Policy.

On March 23, 2007, Stonebridge filed a motion for Summary Judgment; specifically challenging plaintiff's standing under said Policy and said Certificate to bring the instant action. (Document No. 67). On April 6, 2007, the Plaintiff filed a "motion to strike," Stonebridge's motion for Summary Judgment, dated March 27, 2007, alleging that he had not received a copy of Stonebridge's submission and, in the alternative, that the motion was premature. (Document No. 70). Plaintiff thereafter sought an extension of time to respond to Stonebridge's motion, which was granted by Order dated May 10, 2007. (Document No. 76). The Order provided as follows:

> "This Court has reviewed the matters pending in this action, and GRANTS Plaintiff until June 15, 2007 to comply with any pending Court orders or to respond to any pending Motions filed by Defendant. No further extensions will be GRANTED. The Court will rule on any pending Motions based on the record as of June 15, 2007."

Thereafter, plaintiff filed a "Motion for Mandamus Relief," requesting that the Court forward all documents filed in this matter to him. (Document No. 79) On June 20, 2007, this request was granted in light of Plaintiff's apparent transfer to a new prison.

On June 19, 2007, the Court issued a Report and Recommendation granting Stonebridge's Motion for Summary Judgment. (Document No. 80). Prior to that date, plaintiff did not file a substantive response to Stonebridge's motion.

Thereafter, on July 9, 2007, Plaintiff filed the instant "Opposition to Magistrate's Report and Recommendation Granting Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Summary Judgment." (Document No. 82). In it, plaintiff alleges that he did not receive a copy of the defendant's motion for Summary Judgment until June 22, 2007 and was unable to frame a "responsive-opposition." (Document No. 82, at 2). The document thereafter purports to contest Stonebridge's pending motion on the merits, as well as respond to the June 19, 2007 Report and Recommendation of Magistrate Almond. Also, as its title indicates, the document also appears to serve as the Plaintiff's own Motion for Summary Judgment.

On July 18, 2007, the Court issued a Text Order stating that plaintiff's objection to the Report and Recommendation (Document No. 82) was being treated by the Court as a Motion for Reconsideration. That Motion for Reconsideration was granted, and the matter was referred to Magistrate Judge Almond for reconsideration of his earlier Report and Recommendation granting Stonebridge's Motion for Summary Judgment. (Document No. 80). Accordingly, the within Memorandum of Law is submitted in further support of Stonebridge's Motion for Summary Judgment and to rebut those contentions offered by the plaintiff is his "Opposition." (Document No. 82).

*Argument*

**The Court should disregard the Plaintiff's Opposition to Stonebridge's Motion for Summary Judgment as it was not timely filed**

As a threshold matter, Stonebridge submits that this Court disregard Plaintiff's submission insofar as it serves to respond to Stonebridge's pending Motion for Summary Judgment. By virtue of the May 10, 2007 Order of Magistrate Almond, this Court unambiguously determined that it would rule on Stonebridge's pending Motion for Summary Judgment based on the record as of June 15, 2007. Plaintiff, however, did not file a response to Stonebridge's pending Motion until July 9, 2007. In his submission, he alleges that he did not receive any documents from the Court, including Stonebridge's motion, until June 22, 2007, and therefore could not frame a response in a timely fashion. At no time prior, however, did Plaintiff apply for relief or modification of the Court's May 10, 2007 Order. Moreover, Plaintiff's contention that he did not obtain his mail until June 22, 2007 is not supported by an affidavit or other competent evidence. Accordingly, Stonebridge requests that that the Court disregard Plaintiff's submission insofar as it serves as a response to Stonebridge's pending Motion for Summary Judgment.

**Mary Werner at no time had authority to change the identity of the beneficiary under the Certificate of Insurance**

Turning to the merits of the plaintiff's submission, Werner appears to suggest that he is a beneficiary of the applicable insurance policy because his mother, Mary Werner, on May 8,

2006,[2] one year *after* George Werner's death, allegedly "notified [Stonebridge] that Keith Werner, the plaintiff, is the sole beneficiary of the policy." (Document No. 82 at 3-4).[3] Werner claims that this "notification" was pursuant to the provisions of said Certificate. In support of the apparent contention, Plaintiff has attached to his submission an un-notarized "Affidavit of Mary Werner," marked as "Exhibit 2," which provides the following:

> "1. Keith A. Werner is my son;
> 2. George L. Werner was my husband. Prior to his death, we agreed that any indemnification from the accidental death policy would go to Keith." (Document No. 82-2).

A second affidavit of Mary Werner, dated September 7, 2006 and attested to by a Notary Public, provides that "My son, Keith A. Werner, is the sole benefactor and owner and holder in due course regarding the instant accidental death policy." (Document No. 83-2). Plaintiff also attaches to his submission as "Exhibit 1" a letter addressed to Stonebridge and purportedly signed by plaintiff's mother, Mary Werner. The letter provides as follows:

> "Re: Certificate No. 84AE3E2730
>
> Dear Gentlepeople:
>
> Take Notice: I, Mary Werner do hereby elect to change the beneficiary in the above-number [sic] Policy. The new beneficiary is Keith A. Werner who has agreed to assume all legal rights, benefits, and liabilities.

---

[2] Elsewhere in his submission, Plaintiff alleges that this "notification" occurred on May 8, *2005*.

[3] Plaintiff's assertions in this regard appear to be made both in response to the Report and Recommendation of Magistrate Almond as well as in support of his own Motion for Summary Judgment, which appears to be contained in his submission. Rule 72 of the Federal Rules of Civil Procedure provides no mechanism for the filing of a Motion for Summary Judgment consolidated with a response to a Report and Recommendation of a Magistrate Judge, as Plaintiff appears to do with his submission. Stonebridge specifically objects to Plaintiff's attempting filing in this manner. Insofar as the Court accepts the Plaintiff's submission as a Motion for Summary Judgment, however, Stonebridge refers the Court to its own pending Motion for Summary Judgment and supporting Memorandum of Law, as well as the within legal arguments and assertions, in response to Plaintiff's motion. Moreover, Stonebridge notes that by Text Order dated July 18, 2007, plaintiff's motion was deemed to be a "Motion for Reconsideration," not a Motion for Summary Judgment.

Sincerely,
Mary Werner." (Document No. 82-1)

Notwithstanding this alleged "notification," the Certificate of Insurance at issue in this case quite clearly establishes that the plaintiff is under no circumstances a "beneficiary" of the Group Accidental Death Insurance policy under any rule of law. As plaintiff submits, the Certificate of Insurance clearly contains a provision which allows the insured to change his or her beneficiary. The provisions provides as follows:

> "You may change the beneficiary at any time by writing to us at 2700 West Plano Parkway, Plano, Texas, 75075 or to the Policyholder. Once we record the change it will take effect as of the day you signed the request, subject to any claim payment made before such recording. The consent of the beneficiary is not needed for the change, unless the beneficiary designation was irrevocable." See "Certificate of Insurance, Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 5."

As fully discussed in Stonebridge's Memorandum in Support its Motion for Summary Judgment (Document No., 67)., the term "you" under said Certificate means the insured "named on the Schedule Page." *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 2. The only individual listed on the Schedule Page of said Certificate as "insured," however, is "George L. Werner." *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 2. Accordingly, contrary to plaintiff's assertions, the "you" referenced in the above-quoted 'change of beneficiary' provision is not Mary Werner, but, rather, George Werner, who is the "insured" under the policy. Because Mary Werner was not the "insured" under the policy, she at no time had authority to change the identity of the beneficiary under the policy.

Furthermore, even if Mary Werner was the "insured" under the Certificate, the identity of the beneficiary is determined as of the date of the insured or covered person's death. In this case,

George L. Werner died on May 8, 2004, but the alleged 'notification' of the change of beneficiary (by Mary Werner) did not occur until either May 8, 2005 or May 8, 2006. Therefore, because plaintiff's mother, the spouse of his father, was alive as of the date of George L. Werner's death, and because the plaintiff was never specifically designated as beneficiary by his father prior to his father's death, it is clear that plaintiff is not a beneficiary under the Certificate and has no claim under it. Mary Werner's purported "notification" to Stonebridge that Keith Werner was the sole beneficiary under the Certificate has no bearing whatsoever upon the legal rights and obligations of the parties to this matter and bestows no beneficiary status whatsoever upon the plaintiff in this case.

**Interpretation of the Certificate of Insurance at issue in this case is subject to Rhode Island law**

Plaintiff next appears to allege that Magistrate Judge Almond's reliance upon Rhode Island law to interpret the insurance policy provisions in this matter is flawed. (Document No. 82, at 8-9). Without any supporting argument, Plaintiff suggests that Vermont law should somehow apply to this matter. (Document No. 11). Plaintiff's assertions in this regard, however, are contrary to black-letter law governing diversity cases in federal court. Under the doctrine established by the United States Supreme Court in *Erie R. Co. v. Tomkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). "*Erie* mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary." *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991).

In addition, Plaintiff offers no support for the contention that Vermont and Rhode Island law differ at all with respect to this matter. To the contrary, it appears that Vermont law regarding interpretation of insurance contract provisions is on all fours with that of Rhode Island. *See Fireman's Fund Ins. Co. v. CNA Ins. Co.*, 862 A.2d 251, 256 (Vt. 2004) ("We interpret insurance contracts according to their terms and the intent of the parties as expressed by the policies' language.");. *Chamberlain v. Metropolitan Prop. & Cas. Ins. Co.,* 756 A.2d 1246, 1248 (Vt. 2000) ("Disputed terms are to be read according to their plain, ordinary and popular meaning." ); *Peerless Ins. Co. v. Wells,* 580 A.2d 485, 487 (1990) (Any ambiguity will be resolved in the insured's favor, but we will not deprive the insurer of unambiguous terms placed in the contract for its benefit.).

## ***Conclusion***

WHEREFORE, based on the arguments and authorities set forth above, Stonebridge respectfully requests that this Court reject the Plaintiff's "Opposition to Magistrate's Report and Recommendation Granting Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Summary Judgment" (Document No. 82) and adopt the June 19, 2007 Report and Recommendation of Magistrate Judge Lincoln D. Almond granting Stonebridge's Motion for Summary Judgment. There clearly is no issue of material fact that the Plaintiff has no standing under any cognizable legal theory under the Certificate of Insurance/Group Accident Insurance policy or any alleged claim dependent thereon, and thus, is without standing to bring the instant action (or his proposed amended complaint). Accordingly, Stonebridge prays that this court adopt the Magistrate's Report and Recommendation and enter judgment for Stonebridge.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Response to Plaintiff's Response to Report and Recommendation of Magistrate Almond* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP