DPW:nrm 06-287 7/12/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**REPLY MEMORANDUM OF LAW OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, IN REPONSE TO PLAINTIFF'S "OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT" (Document No. 83)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and replies to plaintiff's "Opposition to Defendant's Motion for Summary Judgment." (Document No. 83). For the reasons set forth herein, Stonebridge respectfully requests that this Court grant its pending Motion for Summary Judgment (Document No. 67), consistent with the June 19, 2007 Report and Recommendation of Magistrate Judge Lincoln D. Almond.

### *Argument*

**Plaintiff's "Opposition to Defendant's Motion for Summary Judgment" was untimely filed on July 9, 2007, and should be disregarded by this Court**

As a threshold matter, Stonebridge respectfully requests that this Court disregard Plaintiff's Opposition Memorandum, as it was not filed within the requisite time period established by this Court's Order dated May 10, 2007. (Document No. 76). Stonebridge filed its motion for Summary Judgment on March 23, 2007. (Document No. 67). On April 6, 2007, plaintiff filed a "Motion to Strike," Stonebridge's motion for Summary Judgment, alleging that he had not received a copy of Stonebridge's submission and, in the alternative, that the motion was premature. (Document No. 70). The plaintiff thereafter sought an extension of time to respond to Stonebridge's motion, which was granted by Order dated May 10, 2007. (Document No. 76). That Order provided as follows:

> "This Court has reviewed the matters pending in this action, and GRANTS Plaintiff until June 15, 2007 to comply with any pending Court orders or to respond to any pending Motions filed by Defendant. *No further extensions will be GRANTED.* The Court will rule on any pending Motions based on the record as of June 15, 2007." (Emphasis added.).

Notice of this Order was delivered to the Plaintiff by conventional mail to his address: PO Box 861, Trenton, NJ 08625.

Without seeking relief from or modification to this May 10, 2007 Order, the Plaintiff did not file his Opposition Memorandum to Stonebridge's Motion for Summary Judgment until July 9, 2007. The Rhode Island Supreme Court recognizes that although parties have the right to represent themselves as *pro se* litigants, "the courts of this state cannot and will not entirely

overlook established rules of procedure, 'adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch.'" *Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 84 (R.I.2001) (quoting *Gray v. Stillman White Co.*, 522 A.2d 737, 741 (R.I.1987)). "A *pro se* party is not insulated from complying with [the Federal Rules of Civil Procedure]." *Castrodad-Soto v. Rivera-Sanchez*, 103 Fed.Appx. 401 (1st Cir. 2004); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Rule 60 of the Federal Rules of Civil Procedure provides the mechanism through which a litigant may seek relief from a judgment or order of the court. In this case, plaintiff did not file a motion under Rule 60 seeking relief from the Court's May 10, 2007 order prior to filing his "Opposition." Accordingly, Stonebridge submits that said Order is binding, and requests that the Court decide its pending motion on the record as of June 15, 2007

**Mary Werner's alleged notification to Stonebridge that Plaintiff was the beneficiary under said Policy and Certificate in no way confers standing upon the Plaintiff to bring the instant action**

Even if this Court were to consider plaintiff's "Opposition," it is abundantly clear that he lacks standing in this matter, and that Stonebridge's pending Motion for Summary Judgment should be granted. Stonebridge's motion for Summary Judgment and supporting Memorandum of Law, with Exhibits, (Document Nos. 67 and 68) assert that the Plaintiff, Keith Werner, lacks standing to bring the instant action because he is not an "insured," "covered person," or a "beneficiary" of the Group Accident Insurance Policy in question and has no rights under said Policy or the Certificate of Insurance issued pursuant thereto. As Stonebridge's Memorandum of

Law demonstrates, the only individual with standing to bring a claim under said Policy/Certificate is the spouse of the named "insured," George L. Werner. Said spouse is Mary Werner, who is alive and *compos mentis* and living in West Warwick, Rhode Island.

Under the Policy and Certificate, the named "insured" is George L. Werner. *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 1. A "covered person" under said Certificate means "you," the "insured" (George Werner) and "your spouse," Mary Werner. *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 2. The definition of the term "Beneficiary" under the Certificate is limited to the insured person's spouse (Mary Werner), if living at the death of the insured person. *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 4. Moreover, the definition of such beneficiary is determined as of the date of the covered person's death. Pursuant to the Certificate and Policy, any amount due under said Policy for Loss of Life is paid to the beneficiary, which is the spouse of the "insured," if such spouse is living at the death of the insured, unless otherwise specified *by the insured*. *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 4. In this case, there was no such designation specified by George L. Werner, the insured under said Certificate. Thus, only his widow, Mary Werner, has a colorable claim under the Certificate of Insurance and Policy.

In his "Opposition to Defendant's Motion for Summary Judgment," plaintiff nonetheless contends that he is a "beneficiary" under said Certificate/Policy by virtue of his mother's alleged "notification" to Stonebridge that her son was the beneficiary under the Certificate. In support of

this contention, plaintiff has attached to his submission an un-notarized "Affidavit of Mary Werner," which provides the following:

> "1. Keith A. Werner is my son;
> 2. George L. Werner was my husband. Prior to his death, we agreed that any indemnification from the accidental death policy would go to Keith." (Document No. 82-2).

A second affidavit of Mary Werner, dated September 7, 2006 and attested to by a Notary Public, provides that "My son, Keith A. Werner, is the sole benefactor and owner and holder in due course regarding the instant accidental death policy." (Document No. 83-2). Plaintiff also attaches to his submission as "Exhibit 1" a letter addressed to Stonebridge and purportedly signed by plaintiff's mother, Mary Werner. The letter provides as follows:

> "Re: Certificate No. 84AE3E2730
>
> Dear Gentlepeople:
>
> Take Notice: I, Mary Werner do hereby elect to change the beneficiary in the above-number [sic] Policy. The new beneficiary is Keith A. Werner who has agreed to assume all legal rights, benefits, and liabilities.
>
> Sincerely,
> Mary Werner." (Document No. 82-1)

Notwithstanding this alleged "notification," the Certificate of Insurance at issue in this case quite clearly establishes that the plaintiff is under no circumstances a "beneficiary" of his father's insurance policy. The Certificate of Insurance clearly contains a provision which allows the "insured" to change his or her beneficiary. The provisions provides as follows:

> "You may change the beneficiary at any time by writing to us at 2700 West Plano Parkway, Plano, Texas, 75075 or to the Policyholder. Once we record the change it will take effect as of the day you signed the request, subject to any claim payment made before such recording. The consent of

> the beneficiary is not needed for the change, unless the beneficiary designation was irrevocable." *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 1.

As fully discussed in Stonebridge's Memorandum in Support its Motion for Summary Judgment (Document No., 67)., the term "you" under said Certificate means the insured "named on the Schedule Page." *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 2. The only individual listed on the Schedule Page of said Certificate as "insured," however, is "George L. Werner." *See* "Certificate of Insurance," Exhibit A to Stonebridge's Motion for Summary Judgment, Document No. 68-2, at 2. Accordingly, contrary to plaintiff's assertions, the "you" referenced in the above-quoted 'change of beneficiary' provision is not Mary Werner, but, rather, George Werner, who is the "insured" under the policy. Because Mary Werner was not the "insured" under the policy, she at no time had authority to change the identity of the beneficiary under the policy.

Furthermore, even if Mary Werner was the "insured" under the Certificate, the identity of the beneficiary is determined as of the date of the insured or covered person's death. In this case, George L. Werner died on May 8, 2004, but the alleged 'notification' of the change of beneficiary (by Mary Werner) did not occur until either May 8, 2005 or May 8, 2006. Therefore, because plaintiff's mother, the spouse of his father, was alive as of the date of George L. Werner's death, and because the plaintiff was never specifically designated as beneficiary by his father prior to his father's death, it is clear that plaintiff is not a beneficiary under the Certificate and has no claim under it. Mary Werner's purported "notification" to Stonebridge that Keith Werner was the sole beneficiary under the Certficiate has no bearing whatsoever upon the legal

rights and obligations of the parties to this matter and bestows no beneficiary status whatsoever upon the plaintiff in this case.

***Conclusion***

WHEREFORE, based on the arguments and authorities set forth above, Stonebridge respectfully requests that this Court reject the Plaintiff's "Opposition to Defendant's Motion for Summary Judgment" and adopt the June 19, 2007 Report and Recommendation of Magistrate Judge Lincoln D. Almond granting Stonebridge's Motion for Summary Judgment. There is no issue of material fact that the Plaintiff has no standing under any cognizable legal theory to bring any action on the Certificate of Insurance/Group Accident Insurance policy, and thus, lacks standing to bring the instant action (or his proposed amended complaint). Accordingly, Stonebridge prays that this court deny and dismiss Plaintiff's complaint and enter judgment for Stonebridge.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Response to Plaintiff's Opposition to Stonebridge's Motion for Summary Judgment* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP