DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO PLAINTIFF'S "REQUEST FOR ENTRY OF DEFAULT JUDGMENT"
(Document No. 84)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Request for Entry of Default Judgment" against Defendant John Doe, by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Objection to Request for Entry of Default Judgment* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S "REQUEST FOR ENTRY OF DEFAULT JUDGMENT" (Document No. 84)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Request for Entry of Default Judgment" against Defendant John Doe, by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon the within memorandum of law.

***Argument***

Plaintiff has initiated this "Verified Civil Action" ("complaint") against Stonebridge and a single unnamed "John Doe" Defendant, who Plaintiff alleges is or was, at relevant times, an employee of Stonebridge. (Document No. 5-1, at 1-2). In his complaint, plaintiff asserts the identity of the John Doe defendant is "presently unknown but shall be revealed in discovery." (Document No. 5-1, at 2). To date, plaintiff has served no discovery requests of any kind upon Stonebridge. It does not appear that plaintiff has taken any steps to otherwise determine the

identity of said John Doe defendant. Nonetheless, plaintiff has now moved for an entry of default against this unknown, unnamed defendant. (Document No. 84).

"The Federal Rules of Procedure make no mention of mechanisms for pleading against unnamed parties through the use of the legal fiction of John Doe or Jane Roe." *Kemper Insurance Companies, Inc. v. Federal Exp. Corp.*, 115 F.Supp.2d 116, 124 (D. Mass. 2000). "Of course, this fiction has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identities may be learned through the discovery process." Id. at 124-25. *See also Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "Where a complaint asserting claims against 'John Doe' defendants has not been amended to substitute defendants who are real parties in interest as soon as the identity is known or reasonably should have been known, or, in any event before the close of discovery, such an assertion is mere surplusage and will be disregarded by the court." *Rodriguez v. City of Passaic,* 730 F.Supp. 1314, 1319 n. 7 (D.N.J.1990).

Under Rhode Island General Laws § 9-5-20,[1] whenever the name of any defendant or respondent is unknown, a plaintiff may commence an action by issuing the summons or other process against said defendant by a fictitious name, or by such description as the plaintiff or complainant may select. R.I.G.L. 1956 § 9-5-20. The object of § 9-5-20 is to provide a plaintiff with an opportunity to toll the applicable statute of limitations against a fictitiously named

[1] It is noteworthy that Rule 15(c) of the Federal Rules of Civil Procedure provides the only mechanism in the Rules through which defendants, not accurately named in a pleading before the limitation period has run, may be accurately named afterwards. That rule, which pertains to relation back of the pleadings, makes no mention of the pleading of fictitious parties. The 1991 Amendment to Rule 15, however, permitted relation back of an amended complaint "when relation back is permitted by the law that provides the statute of limitations applicable to the action." The Advisory Committee Notes on the 1991 amendment to Rule 15(c) stated that Rule 15(c)(1) "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. *Generally, the applicable limitations law will be state law.*" Fed.R.Civ.P. 15, Advisory Committee Notes, 1991 Amendment, paragraph (c)(1) (emphasis added). It appears, therefore, that *state* fictitious-party practice would be available to toll the statute of limitations in Federal court. *Kemp Industries, Inc. v. Safety Light Corp.*, 1994 WL 532130 (D.N.J. 1994).. Accordingly, Stonebridge submits that Rhode Island law governing "John Doe" defendants provides governing authority with respect to this matter.

defendant upon the filing of a complaint. *Souza v. Erie Strayer Co.*, 557 A.2d 1226, 1227 (R.I.1989). The Rhode Island Supreme Court has recognized that where a plaintiff proceeds under § 9-5-20, a "due diligence" obligation is imposed upon the plaintiff in order to bring the real defendant into the litigation and to subject that defendant to the jurisdiction of the particular court by proper reasonable notice and diligent service. *Grossi v. Miriam Hospital*, 689 A.2d 403, 404 (R.I. 1997). In this case, the plaintiff has taken no steps to ascertain the identity of the John Doe defendant named in his complaint. Moreover, plaintiff now seeks to have this unnamed, unknown party defaulted in this action, and requests that the Court enter judgment against said defendant in the amount of one million dollars ($1,000,000).[2]

Clearly, as the "John Doe" defendant named in the plaintiff's complaint is at this time an unknown and fictitious entity, no judgment may enter against said defendant. Under Rhode Island law, unless a John Doe defendant is "named and served with process within a reasonable time after [his or her] identi[ty] become[s] known, they may not be considered parties to the case." *Ensey v. Culhane*, 727 A.2d 687, 690 (R.I. 1999). *See also Rodriguez,* 730 F.Supp. at 1319 n. 7. Accordingly, as the John Doe defendant named in the plaintiff's complaint is not, under Rhode Island and Federal Court practice, a party to this case, no default may enter against said entity.

## *Conclusion*

WHEREFORE, based on the argument and authorities set forth above, Stonebridge requests that this Court deny Plaintiff's "Request for Entry of Default Judgment" against the

[2] The basis of the plaintiff's argument in this regard is unclear, as his submission to the Court appears incomplete.

John Doe defendant named in his "Verified Civil Action."

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Memorandum in Support of Objection to Request for Entry of Default Judgment* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP