DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO PLAINTIFF'S "MOTION FOR RELIEF FROM JUDGMENT AND ORDERS; AND
MOTION FOR AN EXTENSION OF TIME" (Document No. 85)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and objects to plaintiff's "Motion for Relief from Judgment and Orders; and Motion for an Extension of Time" by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

## PROOF OF SERVICE

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Objection to Motion for Relief from Judgment and Extension of Time* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and **Keith A. Werner**, *Pro Se,* Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S "MOTION FOR RELIEF FROM JUDGMENT AND ORDERS; AND MOTION FOR AN EXTENSION OF TIME" (Document No. 85)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and objects to plaintiff's "Motion for Relief from Judgment and Orders; and Motion for an Extension of Time" by objecting thereto and requesting that the same be denied. In support of said objection, Stonebridge submits the within memorandum of law.

***Background***

On July 9, 2007, plaintiff, Keith Werner, *pro se*, filed a motion seeking relief from this Court's prior Orders of April 10, 2007 and May 10, 2007, as well a motion seeking an extension of time to file an Amended Complaint. (Document No. 85). The April 10, 2007 Order referenced in the plaintiff's motion found that the plaintiff's so-called "replication" (Document No. 34) was unnecessary and not permissible under the Federal Rules of Civil Procedure or the Local Rules of

the District of Rhode Island. The May 10, 2007 Order, on the other hand, granted the plaintiff's Motion for an Extension of Time and provided him up to June 15, 2007 to comply with any pending Court orders or to respond to any pending motions filed by the Defendants. That Order specifically provided that "no further extensions will be GRANTED." (Document No. 76). In addition, an earlier Order of this Court dated March 30, 2007, granted Plaintiff's motion for leave to file an Amended Complaint (Document No. 53 and 54). That March 30, 2007 Order directed the plaintiff to file his Amended Complaint by April 30, 2007. Contrary to plaintiff's "Motion for Relief," the Court's May 10, 2007 Order did not grant his Motion for an extension of time to file an Amended Complaint, but provided Plaintiff until June 15, 2007 to comply with any pending Court orders. This presumably includes the March 30, 2007 Order regarding plaintiff's Amended Complaint.

## *Argument*

As a threshold matter, Stonebridge submits that there is no need for this Court to vacate or modify its April 10, 2007 Order granting Stonebridge's motion to strike the Plaintiff's "replication." As previously asserted by Stonebridge in its Motion to Strike Plaintiff's "replication," Rule 7 of the Federal Rules of Civil Procedure provides that responses to a party's answer (termed by the plaintiff as a "replication"), are specifically prohibited unless pursuant to court order. In this case, plaintiff has never filed a motion asserting any grounds explaining the need for a "replication" in this case. Furthermore, with respect to the instant motion, plaintiff has not described why, how, or in what manner this Court should modify or vacate its April 10, 2007

Order. Accordingly, Stonebridge requests that this Court deny plaintiff's motion for relief from the April 10, 2007 Order granting Stonebridge's motion to strike plaintiff's "replication."

With respect to plaintiff's request that this Court modify its May 10, 2007 Order so that the plaintiff can file his Amended Complaint, Stonebridge submits that further extension of time in this matter is contrary to the plain and unambiguous language of the Court's prior order and a waste of both Stonebridge's and this Court's time and valuable resources. This is particularly true in light of the current status and posture of this case.

First, the unambiguous language of this Court's May 10, 2007 Order provided that the Court would not grant any further extensions to the plaintiff to comply with pending court orders and/or file responsive pleadings. The Order also provided that the Court would decide all pending motions based upon the record as of June 15, 2007. At the time of the issuance of that Order, the plaintiff was under a separate Order to file his Amended Complaint by April 30, 2007. Notwithstanding the May 10, 2007 Order, the plaintiff filed no responsive pleadings or objections or any kind and has not, to this date, filed his Amended Answer. Because this Court's May 10, 2007 Order provided that no additional extensions would be given in this matter, granting Plaintiff's instant motion would not only contravene the May 10 Order but would be particularly prejudicial to Stonebridge. This prejudice is amplified by the fact this matter appears to be on the path towards for summary resolution in favor of Stonebridge on the critical and predicate issue of standing.

On March 23, 2007, Stonebridge filed a Motion for Summary Judgment (Document No. 67) on the ground that the plaintiff lacks standing to pursue the instant action. On June 19, 2007, Magistrate Judge Lincoln Almond issued a Report and Recommendation granting Stonebridge's motion, and stating, in no uncertain terms, that the plaintiff has no legally cognizable interest

which would provide him standing to prosecute this cause of action, as he was, as a matter of law, neither a party to nor an intended third-party beneficiary of the Group Accidental Death Insurance Certificate or Policy issued to his father, George L. Werner. (Document No. 76, at 7-8). The Court noted that plaintiff's complaint appeared an "apparent attempt" to assert the rights of a third party not presently before the Court, namely his mother, Mary Werner, who is the only party with potential beneficiary status under the Certificate and Policy. Accordingly, Magistrate Judge Almond concluded that Stonebridge is entitled to judgment as a matter of law. (Document No. 76, at 8). In light of this Report and Recommendation, Stonebridge submits that any additional extensions at this time are unnecessary and should be denied. In the alternative, Stonebridge requests that plaintiff's current motion seeking an extension, particularly with respect to the filing of his Amended Complaint (to which a responsive pleading would then be required) should be held in abeyance pending resolution of Stonebridge's motion for Summary Judgment, which, if decided favorably to Stonebridge, would conclude this litigation.

Furthermore, Plaintiff's proposed Amended Complaint does not alter the plaintiff's cause of action in any manner that could confer standing upon the plaintiff in this matter. Accordingly, the Court's analysis of the standing issue in the context of the plaintiff's current "Verified Civil Action" would be unchanged by the filing of his proposed Amended Complaint. The proposed Amended Complaint, which was appended to plaintiff's earlier motion for leave (Document Nos. 53 and 54) names additional defendants and raises additional grounds of recovery. In addition to Stonebridge, J.C. Penney Life Insurance Company, J.C. Penney Corporation, and Aegon Group Incorporated are named as defendants. In the proposed Amended Complaint, the plaintiff alleges that Mary Werner was contacted by a telemarketer (John Doe #1) on May 5, 1997, attempting to sell the insurance policy in question. *See* proposed Amended Complaint at 4. Plaintiff alleges

that John Doe #2 was that telemarketer's supervisor, while John Doe #3 was the entity employing both. *See* proposed Amended Complaint at 3. The proposed amended Complaint alleges that on May 27, 1997, Werner spoke with John Doe #4, who allegedly confirmed the policy's offered coverage. *See* proposed Amended Complaint at 4. Plaintiff alleges that John Doe #5 was John Doe #4's supervisor; and that John Doe #6 was a telemarketing firm that employed both. *See* proposed Amended Complaint at 3. Defendant Aegon essentially is alleged to be a parent corporation of Stonebridge. *See* proposed Amended Complaint at 3.

Like his "Verified Civil Action," the proposed Amended Complaint makes numerous allegations, all of which involve not the plaintiff personally, but his mother, Mary Werner. Among the allegations are that the Defendants collectively violated the Racketeer Influenced and Corrupt Organization Act ("RICO") through wire fraud, which plaintiff alleges was perpetrated in connection with telephone calls to Mary Werner in which the terms of the accident insurance policy were "misrepresented." *See* proposed Amended Complaint at 9-11. Plaintiff also alleges wire and mail fraud in the deduction of premiums from Mrs. Werner's credit card and subsequent transfer and mailing of those premiums to financial institutions. *See* proposed Amended Complaint at 9-11..

Plaintiff additionally alleges "Frauds and Swindles" against the Defendants through the devising of "a scheme or artifice to defraud, and for obtaining money by false or fraudulent pretences, representations, or promises, and for the purpose of executing such scheme or artifice have used the U.S. Postal Service to take or receive therefrom the matter or thing obtained by fraudulent representations or promises[.]" *See* proposed Amended Complaint at 11-12. Plaintiff additionally alleges "Wire Fraud," "Telemarketing Fraud," violations of the "Telemarketing and Consumer Fraud Prevention Act of 1994"; commission of "Unfair and Deceptive Business Acts"

in violation of 15 U.S.C. 45 *et seq*., "Breach of Contract", "Tort Arising from Contract", "Negligence", "Promissory Estoppel", and "Unjust Enrichment," all arising out of the alleged wrongful denial of coverage in this matter. *See* proposed Amended Complaint at 12-14. Based on these sundry allegations, the proposed Amended Complaint seeks judgment in the amount of Three Million Dollars, as well as "general, special, and punitive damages." *See* proposed Amended Complaint at 14.

Notwithstanding the numerous allegations contained in the plaintiff's proposed Amended Complaint, the plaintiff's lack of standing in this matter is fatal to his cause of action. As the Report and Recommendation of Magistrate Almond notes, the claims contained in the current "Verified Civil Action" appear to assert the rights of the plaintiff's mother, Mary Werner, although the action is not brought in her name and she is not a party to this case. The proposed Amended Complaint is no different. Thus, regardless of Plaintiff's efforts to fashion creative grounds for recovery in this matter, his lack of standing is fatal to any and all claims asserted in both his original complaint and his proposed Amended Complaint. For that reason, delay of this matter so that the plaintiff can file his Amended Complaint is unnecessary.

## *Conclusion*

WHEREFORE, Stonebridge submits that there is no need to further delay of this matter. Stonebridge asks that this Court deny plaintiff's pending Motions. In the alternative, Stonebridge requests that this Court hold said Motions in abeyance pending the Court's adoption, rejection, or modification of the Report and Recommendation of Magistrate Almond with respect to Stonebridge's motion for Summary Judgment, which may conclude this litigation. This

approach will preserve the resources of the Court, as well as those of Stonebridge and other Defendants named in the Proposed Amended Complaint, each of whom would be required to prepare responsive pleadings to the Amended Complaint.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Memorandum in Support of Objection to Motion for Relief from Judgment and Extension of Time* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP