DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO PLAINTIFF'S "MOTION TO HOLD IN ABEYANCE ALL RULINGS ON DISPOSITIVE MOTIONS"
(Document No. 86)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Motion to Hold in Abeyance All Rulings on Dispositive Motions," by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Objection to Motion to Hold in Abeyance all Rulings on Dispositive Motions* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP

DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S "MOTION TO HOLD IN ABEYANCE ALL RULINGS ON DISPOSITIVE MOTIONS" (Document No. 86)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Motion to Hold in Abeyance All Rulings on Dispositive Motions," by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge submits the within memorandum of law.

***Argument***

On March 23, 2007, Stonebridge filed a motion for Summary Judgment on the grounds that plaintiff lacks standing to bring the instant action. (Document No. 67 and 68). By Court Order dated May 10, 2007, the plaintiff was provided until June 15, 2007 to furnish a response to all pending motions, including Stonebridge's motion for Summary Judgment. (Document No. 76). Plaintiff did not file a responsive pleading of any kind within the prescribed time period. Thereafter, on June 19, 2006, Magistrate Judge Lincoln D. Almond issued a Report and Recommendation granting Stonebridge's motion for Summary Judgment.

On July 9, 2007, Plaintiff, *pro se*, filed numerous documents with the Court. Among these were a "Opposition to Defendants [*sic*] Motion for Summary Judgment," (Document No. 83), as well as an "Opposition to Magistrate's Report and Recommendation Granting Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Summary Judgment." (Document No. 82). In his filings, plaintiff states that he did not receive a copy of any orders, motions, or memorandum in connection with this litigation until June 22, 2007. In addition, plaintiff advances arguments, with supporting "affidavits," in response to Stonebridge's motion for Summary Judgment as well as Magistrate Almond's Report and Recommendation. Stonebridge has filed responses to each of plaintiff's July 9, 2007 filings.

On July 12, 2007, plaintiff filed the instant Motion asking that the Court hold in abeyance its decision on all pending dispositive motions. At this point, the only dispositive motions pending in this matter are Stonebridge's Motion for Summary Judgment, and the plaintiff's own Motion for Summary Judgment, the latter of which appears to have been included in his "Opposition" to the Report and Recommendation. (Document No. 82). In support of his motion, the plaintiff states that he was transported, without warning, from his prison in New Jersey to Rhode Island between July 2, 2007 and July 9, 2007, and requests that this Court provide him with time to respond to "any orders or motions filed" which he has "not yet received." (Document No. 86, at 2).

Stonebridge specifically objects to any further needless delay of this matter. First, as argued in support of its motion for Summary Judgment, as well in its memoranda filed in opposition to plaintiff's numerous July 9, 2007 filings, there are no grounds upon which the plaintiff will be able to prove standing to bring the instant action, as he neither a party to, nor a beneficiary of, the Group Accident Insurance Certificate and Policy which forms the basis of his

claim. The Report and Recommendation of Magistrate Judge Almond recognizes this fatal element of plaintiff's claim. In light of the imminent conclusion of this litigation due to a lack of standing, additional delay at this juncture is unnecessary.

Secondly, notwithstanding his statement to the contrary, it appears that plaintiff has had an opportunity to respond to all pending motions, including Stonebridge's motion for Summary Judgment and Magistrate Almond's Report and Recommendation. Accordingly, plaintiff's implication that he requires more time to respond to pending motions is unsupported in the record.

Lastly, Stonebridge requests that this Court deny plaintiff's motion in light of the dilatory tactics and numerous frivolous filings made by the plaintiff in this matter, for which counsel for Stonebridge has devoted significant time and expense in order to furnish responses. Stonebridge submits that given the Report and Recommendation of Magistrate Judge Almond and the facts and law applicable to this case, this matter is ripe for summary judgment in favor of Stonebridge. Further delay of this matter will serve no purpose other than to provide plaintiff with more time to conjure other motions and writs, which waste this Court's valuable judicial resources and force Stonebridge to undertake needless expenses.

***Conclusion***

WHEREFORE, in light of the forgoing, Stonebridge respectfully requests that this Court deny Plainitiff's "Motion to Hold in Abeyance All Rulings on Dispositive Motions" and proceed to rule on Stonebridge's Motion for Summary Judgment. (Document No. 67 and 68).

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 19th day of July, 2007, I mailed a true and exact copy of the within *Memorandum in Support of Objection to Motion to Hold in Abeyance all Rulings and Dispositive Motions* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625 and to **Keith A. Werner**, *Pro Se*, Rhode Island Department of Corrections, Box 8200, Cranston, RI 02920.

/s/ David P. Whitman

of Hanson Curran LLP