UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KEITH A. WERNER

v No. 1:07-CV-082-S

STONEBRIDGE LIFE INSURANCE CO.,
JOHN DOE, an unknown employee of Stonebridge

PLAINTIFF'S MOTION AND MEMORADUM OF LAW IN SUPPORT FOR APPOINTMENT OF COUNSEL

Plaintiff, Keith A. Werner, respectfully requests this Honorable Court to find an attorney willing to represent Mr. Werner in the instant case.

## Statement of the Case

This is a diversity action by the beneficiary to a one million dollar accident death and dismemberment (ADD) insurance policy wherein there are damage claims from the defendants' for fraud, telemarketing fraud, fraud-in-the-inducement, promissory fraud, breach of contract,

Violations of the Unfair and Deceptive Business Acts, violations of the Wire Fraud Act, inter alia.

## Statement of the Facts

Defendants' are a subsidiary of one of the World's largest life insurance and pension conglomerates; it is a multi-billion international entity with unlimited financial and legal resources. Plaintiff is an indigent, incarcerated man who received his GED two years ago, is confined to a segregation block in a high security facility wherein everything is extremely restricted. Plaintiff cannot go to a law library. He has to known in advance the exact case citations he wants then wait 5-days, if he's lucky, to obtain the requested materials. The amount of books, writing paper pens and telephone calls are all highly restricted.

## ARGUMENT

THE COURT APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability to investigate the facts, the existing of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citations omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 173 (2nd Cir. 1989). Each of those factors weighs heavy in favor of appointing counsel in this case.

1. Factual Complexity The plaintiff alleges several torts and breach of contract, all committed while others stood by and did nothing or encouraged and trained the defendants' how to get away with such conduct. Plaintiff challenges the cause of his father's death and, a fortiori, the interstate telephone/mail fraud, over a period of seven years.

In addition to the various fraud charges, one

1. (cont'd) of the plaintiff's claims what was the actual cause of his father's death. It will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The sheer number of claims and prospective defendants makes this a factually complex case.

2. The plaintiff's ability to investigate. The plaintiff is locked-up in a high security facility in the "administrative" [punitive] segregation and has no ability to investigate the facts or do any meaningful legal research. For example, he is unable to investigate neighbors who saw and spoke with the plaintiff's father right before he died. He is unable to locate and interview experts in the medical field or the hundreds-and-hundreds of people who were victimized by Stonebridge Life Insurance Co. In addition, this case will require considerable discovery concerning the identity of telemarketers, the telemarketer's routine job "protocols," the history of hundreds of defendants victims, and former employees. See e.g., Tucker v. Dickey, 613 F2d

2. (cont'd) 1124, 1133 (W.D. Wis. 1985) (need for discovery supported appointment of counsel) [Note: Correct cite is Tucker v Dickey 613 F. Supp 1124, 1233 (W.D. Wis 1985). The plaintiff has no access to a computer an incredibly restricted access to a "collect-call only telephone."

3. Conflicting testimony. The plaintiff's account of the fraud and breach of contract is squarely in conflict with the contentions of Defendants'. This aspect of the case will come down to a credibility contest between the plaintiff's witnesses and the defendants' witnesses. The existence of these credibility issues supports the appointment of counsel. See Hodge v. Police Officers 802 F2d 58, 61 (2nd Cir 1986) ("if the factual issues are complex or turned on credibility issues/assessments," "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.") The purpose of the right of access to the courts is to vindicate legal rights, not just start lawsuits that go nowhere. The Rules of Civil Procedure were construed to

3. (cont'd) to "secure the speedy, just and inexpensive determination of every action." Rule 1, Fed. R. Civ. P. The Rules were not construed as a trap for the inexperienced or disadvantaged plaintiff." Although a [civil] trial is not a game where the participant are expected to enter the ring with a near match in skills, neither is it a sacrafice of unarmed [litigants] prisoners to gladiators." U.S. v. Chronic 466 US. 648 1984)

4. The ability of Mr. Werner to present his claim. The litigant is an indigent with no legal training, a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F2d 160, 163 (4th Cir 1984). In addition, he is confined to segregation with an extremely limited access to legal materials. Rayes v. Johnson, 969 F2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a supporting factor supporting appointment of counsel).

5. Legal complexity. This case present complex issues of contract law, insurance law, consumer protection law, and tort law

5 (cont'd) and determining which defendant were sufficiently personally involved in the plaintiff's claim to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. See Abdullah v. Gunter, 949 F2d 1032, 1036 (8th Cir 1991) (citing jury demand as a factor supporting appointment of counsel), cert denied, 112 S.Ct 1995 (1992)

6. Merit of the case. The plaintiff's allegations, if proved, clearly would establish a variety of unlawful conduct. The fact that this case has passed the "gatekeeper" of frivolous complaints (i.e. Judge William Sessions III, Chief Judge Vermont District Court who sits by designation from time-to-time on the U.S. Court of Appeals for the 2nd Circuit), indicates the plaintiff's allegations are, if proven, meritorious. The initial fraud by a telemarketer was made worse once Mary Werner called back after receiving and reading the Certificate sent by J.C. Penny Life Insurance Co.. The second fraud took place during the call when, once again, a telemarketer again

6. Kont'd misrepresented material facts to such a degree that Mary Werner purchased additional family coverage. Assuming arguendo that the medical claim fails, the case still involves fraud and a variety of other torts. Again, assuming arguendo, that Defendant's Motion for Summary Judgment is denied [which it should be] then this fact militates strong in favor in appointing counsel to represent the plaintiff.

For the foregoing reasons, the Honorable Court should grant Plaintiff's Motion for Appointment of Counsel.

Dated: 7-16-07

Respectfully submitted
Keith A. Werner

Keith A. Werner, Pro se
Box 863
Trenton, N.J. 08625

Certification

I hereby certify defense counsel was provided with a copy of the above motion.

Keith A. Werner