DPW:nrm 06-287 7/26/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO "PLAINTIFF'S REQUEST FOR A READJUSTMENT IN THE COURT'S TIME LIMITS AND TIME COMPUTATIONS"
(Document No. 87)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to "Plaintiff's Request for a Readjustment in the Court's Time Limits and Time Computations" (Document No. 87), by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street

Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 31st day of July, 2007, I mailed a true and exact copy of the within *Objection to Plaintiff's Request for a Readjustment in the Court's Time Limits and Time Computations* to **Keith A. Werner,** *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625.

/s/ David P. Whitman
of Hanson Curran LLP

DPW:nrm 06-287 7/26/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO "PLAINTIFF'S REQUEST FOR A READJUSTMENT IN THE COURT'S TIME LIMITS AND TIME COMPUTATIONS" (Document No. 87)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to "Plaintiff's Request for a Readjustment in the Court's Time Limits and Time Computations" (Document No. 87), by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge submits the within memorandum of law.

***Argument***

In his "Request," one of the recent in his flurry of filings with this Court, plaintiff, *pro se*, asks this Court to provide him with an extension of time to comply with filing deadlines placed upon him by the Court.[1] In support of his request, plaintiff asserts that counsel for Stonebridge

[1] It is noteworthy that plaintiff fails to cite to any specific time limits applicable to him at this time.

has failed to provide him with copies of all motions, oppositions, and memoranda of law and exhibits filed in this matter since it was transferred from the District of Vermont. Plaintiff contends that Stonebridge's counsel has, in this regard, *intentionally* refused to comply with Local Rules of this Court, as well as the Federal Rules of Civil Procedure. This is nonsense.

As the attached affidavit of counsel for Stonebridge, David P. Whitman, Esquire, attests, Plaintiff has been provided with copies of any and all documents filed in this matter on behalf of Stonebridge via regular mail to his last known address as of the date of filing. Stonebridge's review of the record in this matter indicates that plaintiff's original address at the time of his commencement of this matter in the District of Vermont was "Box 100, S. Walpole, MA 02071." (Document No. 5-1, at 7). On or about November 29, 2006, plaintiff advised the Clerk of the Vermont District Court that his new address was "Box 8200, Cranston, RI 02920." (Document No. 12). This matter was transferred to the District of Rhode Island on February 27, 2007. (Document No. 44).

Attorney Whitman entered his entry of appearance on behalf of Stonebridge on March 19, 2007. (Document No. 57). On April 6, 2007, plaintiff filed a "Motion to Strike Defendants Permission/Authorization to File a Motion for Summary Judgment," in which he indicated, for the first time, that his new address was "Box 861, Trenton, NJ 08625." As Attorney Whitman's affidavit attests, Stonebridge mailed copies of all court filings in this matter prior to April 6, 2007, to the plaintiff at "Box 8200, Cranston, RI 02920." All filings beyond April 6, 2007, were mailed to the plaintiff at "Box 861, Trenton, NJ 08625." In addition, in light of plaintiff's indication that he was being temporarily transferred from New Jersey state prison to Rhode Island for a court proceeding in Kent County Superior Court, as contained in his July 12, 2007 "Motion to Hold in Abeyance All Rulings on Dispositive Motions," (Document No. 86),

Stonebridge has served all filings since that date to both the Cranston, Rhode Island and Trenton, New Jersey addresses out of an abundance of caution. Stonebridge also has filed all documents with the Court using its electronic filing system.

Under Rule 5(a) of the Federal Rules of Civil Procedure, all pleadings, motions, and discovery papers, among other "similar paper(s)" must be served upon each party. Under Rule 5(b)(2)(B), service under Rule 5(a) is made by "[m]ailing a copy to the last known address of the person served." In addition, "[s]ervice by mail is complete on mailing." In addition, under the Local Rules for the District of Rhode Island, "[a]ny document requiring a signature that is filed by a party appearing *pro se* shall bear the words "*pro se*" following that party's signature and shall state the party's address[.]" LR Gen 205(b). "Every *pro se* litigant shall inform the Clerk in writing of any change of name, address, telephone number, and/or fax number within ten (10) days of such change[,]" and "[a]ny notice sent to and any paper served on a *pro se* litigant shall be deemed delivered if sent to the most recent address or fax number provided by the litigant . . . ." LR Gen 205(d).

In this case, all documents filed by counsel on behalf of Stonebridge were mailed to plaintiff at his last known address. Though plaintiff may not have received materials filed in this case, as well as orders issued by this Court, Stonebridge submits that this may be attributable either to problems with the prison mailing systems or the plaintiff's own failure to advise the Court and Stonebridge as to changes in his mailing address. Accordingly, Stonebridge requests that the Court disregard plaintiff's unsubstantiated allegations with respect to its counsel in this matter.

In addition, Stonebridge challenges plaintiff's assertions that he has been prejudiced in this matter, particularly with respect to his alleged inability to respond to "defendant's motions."

Stonebridge's only pending motion in this case is its Motion for Summary Judgment, which was filed on March 23, 2007. (Document No. 67). A Report and Recommendation granting Stonebridge's Motion was issued on June 19, 2007. (Document No. 80). On July 9, 2007, plaintiff filed several opposition memoranda and responses, including an "Opposition to Magistrate's Report and Recommendation Granting Defendants [sic] Motion for Summary Judgment[,]" in which plaintiff advanced several substantive arguments challenging the Magistrate's determination that he lacked standing to pursue the within action. (Document No. 82). Thereafter, on July 18, 2007, the Court entered a Text Order stating that plaintiff's "Opposition" was being treated as a Motion for Reconsideration, and that said motion was granted. The matter therefore was referred to Magistrate Judge Almond for reconsideration of his Report and Recommendation.[2] In light of these facts, Stonebridge submits that not only has the plaintiff had an ample opportunity to respond to Stonebridge's Motion for Summary Judgment, but has filed a responsive memorandum of law addressing the substantive legal issues implicated by Stonebridge's motion. Furthermore, this Court has referred the matter back to Magistrate Judge Almond for reconsideration, presumably so that the Court will have an opportunity to review plaintiff's submission. Consequently, plaintiff's allegation that he has been prejudiced in this regard is without merit.

## *Conclusion*

WHEREFORE, Stonebridge respectfully requests that this Court deny plaintiff's pending "Request for a Readjustment in the Court's Time Limits and Time Computations."

---

[2] This essentially cured plaintiff's failure to comply with an earlier Order requiring him to file a response to Stonebridge's Motion for Summary Judgment by June 15, 2007. (Document No. 76).

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 31st day of July, 2007, I mailed a true and exact copy of the within *Memorandum in Support of Objection to Plaintiff's Request for a Readjustment in the Court's Time Limits and Time Computations* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625.

/s/ David P. Whitman
of Hanson Curran LLP