DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,
STONEBRIDGE LIFE INSURANCE COMPANY,
TO PLAINTIFF'S "MOTION TO RECONSIDER THE STRIKING OF PLAINTIFF'S REPLICATION AND WRIT OF ERROR CORUM NOBIS" (Document No. 88-1).**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Motion to Reconsider the Striking of Plaintiff's Replication and Writ of Error Corum Nobis" (Document No. 88-1), by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street

Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

## PROOF OF SERVICE

I hereby certify that on this 31st day of July, 2007, I mailed a true and exact copy of the within *Objection to Motion to Reconsider the Striking of Plaintiff's Replication and Writ of Error Corum Nobis* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625.

/s/ David P. Whitman
of Hanson Curran LLP

DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S "MOTION TO RECONSIDER THE STRIKING OF PLAINTIFF'S REPLICATION AND WRIT OF ERROR CORUM NOBIS" (Document No. 88-1).**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's "Motion to Reconsider the Striking of Plaintiff's Replication and Writ of Error Corum Nobis" (Document No. 88-1), by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies submits the within memorandum of law.

*Argument*

**I. Rule 7 of the Federal Rules of Civil Procedure specifically prohibits "replications" except upon court order**

As a threshold matter, plaintiff's purported "replication" flies directly in the face of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 7, plaintiff's purported response to

Stonebridge's answer, termed by the plaintiff as a "replication", is specifically prohibited except by court order, granted upon motion of the party seeking to file the reply. Although common law rules of pleading may have recognized "replications," those rules were, of course, abolished by the institution of the Federal Rules of Civil Procedure in 1937. The provisions of Fed. R. Civ. P. 7 are clear and unambiguous: there shall be a complaint and an answer. In this matter, there is a complaint and an answer. The only way in which a reply to an answer is allowed (especially one which does not assert a counterclaim) is if a court specifically orders a reply to be filed. Indeed, Rule 7(a) provides that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer or third-party answer."

## II. The "res judicata" and "law of the case" principles do not apply to this issue

Plaintiff appears to argue that he previously was authorized by the District of Vermont to file his so-called "replication," and that this issue is essentially therefore considered the law of the case, or, as plaintiff puts it, "res adjuicata."[1] Plaintiff's assertion is without merit. In this case, Stonebridge filed its Answer (Document No. 11) to plaintiff's complaint while this matter was pending in Vermont District Court. Stonebridge also filed a Motion to Change Venue. (Document No. 22). In response, plaintiff filed a "Request for an Extension of Time to Respond to Defendants' [sic] Answer and Motion to Change Venue." (Document No. 25). In that filing,

[1] Clearly, "res judicata" has no application to this case. It is settled law that "[u]nder the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). There has been no final judgment on the merits entered in this case. It appears that plaintiff's arguments fall more appropriately under the "law of the case" doctrine, "a legal decision made at one stage of a civil or criminal proceeding ... remain[s] the law of that case throughout the litigation, unless and until the decision is modified or overruled by a higher court." *United States v. Moran,* 393 F.3d 1, 7 (1st Cir. 2004)

plaintiff sought additional time to "respond" to Stonebridge's filings, particularly the Motion to Change Venue, in light of his "lack of direct access to a law library." It is critical; however, that the plaintiff did not specifically seek court approval to file a *pleading* in response to Stonebridge's answer, and the term "replication" is omitted from his filing. Indeed, the term "response" is unmodified, and provides no indication whatsoever as to its intended meaning.

On January 23, 2007, a Text Order entered granting to Motion for an Extension of Time. Plaintiff suggests that that Order essentially established the "law of the case" by allowing his replication. At no time while this matter was pending in Vermont District Court, however, did the plaintiff file a motion seeking court approval to file a responsive pleading to Stonebridge's answer under Rule 7. In no written submission or otherwise to the Vermont District Court did plaintiff advance any authorities or arguments as to why he should be permitted to file a responsive pleading to Stonebridge's Answer, as required under the Federal Rules of Civil Procedure. Accordingly, the Text Order granting plaintiff's request for an extension of time to "respond" to Stonebridge's answer did not serve as a determination allowing him a reply to Stonebridge's answer, as plaintiff suggests. Clearly, the Vermont District Court was never faced with, and never considered or decided, whether plaintiff should be allowed to file a "replication" in this matter. The District Court could not be expected to interpret the term "respond" to mean the filing of a formal pleading prohibited under the Rules of Civil Procedure.

**III. Rhode Island law applies to this cause of action**

In addition, plaintiff continues to argue, as he has in prior filings in this matter, that Vermont law applies to this case. This is patently incorrect. All of the operative facts which form the basis of the Plaintiff's claim(s) occurred in Rhode Island. Indeed, the Certificate of

Insurance was issued in the State of Rhode Island to Mary Werner, a Rhode Island resident, who requested that her husband, George Werner, likewise a Rhode Island resident, be made the primary insured under the policy. In addition, George Werner died in Rhode Island. Moreover, as the Vermont District Court noted in its Order granting Defendant's Motion to Change Venue, Stonebridge's alleged wrongful denial of coverage was to Mrs. Werner and Plaintiff, who were residents of Rhode Island and Massachusetts, respectively, during the pertinent time period. (Document No. 43, at 11). Accordingly, it is clear that Rhode Island law would be applied to this case regardless of the Federal District Court in which it was brought.

Furthermore, the issue of whether the plaintiff is entitled to file a "replication" is a matter of Federal procedural law, governed by the Federal Rules of Civil Procedure. State substantive law is wholly irrelevant to a Federal District Court's determinations in matters of procedure covered under the Federal Rules of Civil Procedure. *See generally In re Davis*, 194 F.3d 570 (5th Cir. 1999); *Stewart v. International Business Machines Corp.*, 867 F. Supp. 238 (S.D.N.Y. 1994); *Thomson-CSF Components Corp. v. Hathaway Instruments, Inc.*, 85 F.R.D. 344 (D.C.N.J. 1980). Such "replications" are not permitted under the Federal Rules of Civil Procedure or under the local rules of either the District of Rhode Island or the District of Vermont.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552

146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 31st day of July, 2007, I mailed a true and exact copy of the within *Objection to Motion to Reconsider the Striking of Plaintiff's Replication and Writ of Error Corum Nobis* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625.

/s/ David P. Whitman
of Hanson Curran LLP