DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**OBJECTION OF DEFENDANT,**
**STONEBRIDGE LIFE INSURANCE COMPANY,**
**TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**
**(Document No. 96)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's Motion for "Appointment of Counsel" (Document No. 96), by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies upon its memorandum of law attached hereto and made a part hereof.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903

Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 31st day of July, 2007, I mailed a true and exact copy of the within *Objection to Motion for Appointment of Counsel* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625.

/s/ David P. Whitman
of Hanson Curran LLP

DPW:nrm 06-287 7/11/07

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

KEITH A. WERNER,
*Plaintiff*

V. CA NO: 1:07-cv-00082-S-LDA

STONEBRIDGE LIFE
INSURANCE COMPANY,
*Defendant*

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF DEFENDANT, STONEBRIDGE LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Document No. 96)**

Now comes Defendant, Stonebridge Life Insurance Company ("Stonebridge"), in the above-captioned matter and responds to plaintiff's Motion for "Appointment of Counsel" (Document No. 96), by objecting thereto and requesting that the same be denied. As grounds for said objection, Stonebridge relies the within memorandum of law and authorities cited therein.

***Argument***

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir.1982). Federal courts have discretion, however, to appoint counsel for indigent civil litigants under Title 28 United States Code § 1915(e)(1). *Childs v. Duckworth,* 705 F.2d 915, 922 (7th Cir.1983). Counsel must be appointed under § 1915(e)(1)

only where the failure to do so would be so fundamentally unfair that the petitioner's due process rights would be violated. *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir. 1987).

Federal Courts recognize that "[m]otions for the appointment of counsel under [28 U.S.C. § 1915(e)(1)] are addressed to the sound discretion of the court and are granted only in exceptional circumstances." *U.S. v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978). Determination of whether "exceptional circumstances" exist requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1330-1331 (9th Cir.1986). "In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2nd Cir. 1986). In addition, some Federal Courts hold that "[i]n order to determine whether counsel should be appointed under § 1915[(e)(1)], this court must first determine whether the petitioner has made reasonable but unsuccessful efforts to retain counsel or whether the petitioner was effectively precluded from making such efforts." *Godwin v. Wisconsin Gas Co.*, 788 F.Supp. 1019, 1019-20 (E.D. Wisc. 1992) (citing *Jackson v. County of McLean,* 953 F.2d 1070, 1073 (7th Cir.1992)). "If the petitioner has made no efforts to secure counsel, the motion must ordinarily be denied outright." *Id.* at 1020.

"If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a judge determination." *Hodge*, 802 F.2d at 61-62. *See also DesRosiers*, 949 F.2d at 24 ("To determine whether there are exceptional

circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of legal issues, and the litigant's ability to represent himself."). Other Federal Courts note that among the factors to be considered in this context are the plaintiff's education, literacy, work and litigation experience, as well as the plaintiff's access to information and resources. *Hill v. Davidson*, 844 F.Supp. 237, 238 (E.D. Pa. 1994). It is clear, however, that appointment of counsel in civil case for indigent litigant is matter that lies within discretion of court. *Feliciano v. DuBois*, 846 F.Supp. 1033, 1040 (D. Mass. 1994). A reviewing court "will overturn the denial of a request for appointed counsel in a civil case only if the record, taken as a whole, reflects a manifest abuse of the trial court's broad discretion." *DesRosiers*, 949 F.2d at 24.

## I. Plaintiff has little chance of success on the merits in this case because he lacks standing

Stonebridge first submits that plaintiff's instant motion should be denied because his likelihood of success on the merits in this case is low, and this matter is ripe for summary disposition in favor of Stonebridge on the critical issue of plaintiff's standing. On March 23, 2007, Stonebridge filed a Motion for Summary Judgment with Supporting Memorandum in this matter. In its filings, Stonebridge asserts and illustrates that plaintiff, because he is neither a named insured nor a beneficiary under the Group Accident Insurance Policy and/or Certificate of Insurance issued to his father, George Werner, does not have standing to pursue the within cause of action. On July 19, 2007, Magistrate Judge Lincoln Almond issued a Report and Recommendation granting Stonebridge's motion, and finding, consistent with Stonebridge's contentions, that the plaintiff lacked the requisite standing necessary to proceed in this matter.

Though this Court has referred the matter back to Magistrate Judge Almond for reconsideration, plaintiff has produced no evidence or arguments that in any way suggest that the court will deviate from this determination, which involves a relatively cursory review of the applicable Certificate and Policy provisions in the context of settled law governing the interpretation of insurance contracts. Accordingly, Stonebridge submits that this Court deny plaintiff's pending motion for appointment of counsel, as his underlying claims lack merit due to his critical lack of standing.[1] Moreover, appointment of counsel in this matter will not change or correct this fatal flaw in plaintiff's case.

## II. Plaintiff has demonstrated that he is literate, educated, and able to represent himself in a competent manner in this litigation.

Stonebridge additionally submits that appointment of counsel in this matter is unnecessary, as plaintiff has demonstrated that although he is an indigent with no formal legal training and alleged restricted access to necessary materials, he is literate and intelligent, and appears to have sufficient access to legal research mediums. Clearly, plaintiff has filed many motions and memorandum with the court, all of which have been understandable, well-organized, and have contained references and citations to numerous legal authorities. Indeed, plaintiff has filed, and continues to file, on almost a daily basis, a wide variety of motions, requests, and other so-called "writs" which demonstrate that he not only has a somewhat advanced knowledge of law and procedure, but access to legal authorities, including federal and

[1] In the alternative, Stonebridge respectfully requests that this Court hold in abeyance any decision on the pending motion until the Court has had an opportunity to pass on Stonebridge's Motion for Summary Judgment.

state case law, statutory law, and procedural manuals. Ironically, the memorandum offered by the plaintiff in support of the instant motion seeking appointment of counsel contains numerous citations to Federal case law from around the country, and is organized and written in a manner that belies the contention that he is unable to represent himself. Furthermore, the plaintiff's "Verified Civil Action" illustrates a significant understanding of Federal law and procedure, as well as an understanding of the rules of pleading. Accordingly, Stonebridge submits that plaintiff has demonstrated an ability to try this case on his own without the necessity for appointment of counsel on his behalf.

## III. Plaintiff overstates the complexity of this matter, which involves basic principles of contract law governing interpretation of an insurance policy.

Stonebridge next submits that this matter is not as legally and factually complex as plaintiff suggests in his moving papers. Though plaintiff has made numerous and wide-ranging claims against Stonebridge and numerous John Doe defendants, plaintiff's claims essentially turn on his entitlement to benefits under a Certificate of Insurance issued to his father, George Werner. This is a circumscribed and simple issue of contract law. Notwithstanding his allegations of fraud, etc., plaintiff's right to recovery in this matter is premised on the lynchpin issue of whether he has any rights under the Certificate of Insurance issued to his father. Because plaintiff lacks such standing under the Certificate and Policy and issue in this case, appointment of counsel in this case would be a pointless and a needless expenditure of this court's limited resources, especially in the form of a valuable volunteer lawyer.

***Conclusion***

WHEREFORE, Stonebridge respectfully requests that this Court deny plaintiff's motion seeking appointment of counsel in this matter. In the alternative, Stonebridge requests that the Court hold plaintiff's motion in abeyance pending the Court's decision on Stonebridge's pending motion for summary judgment, which, if granted, will bring this litigation to a conclusion.

Defendant,
Stonebridge Life Insurance Company,
By its Attorneys,

HANSON CURRAN LLP

/s/ David P. Whitman

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, RI 02903
Phone: (401) 421-2154
Fax: (401) 521-7040
E-mail: dpw@hansoncurran.com

*In accordance with the provisions of LR Cv 7(e) there is no need for oral argument or an evidentiary hearing.*

**PROOF OF SERVICE**

I hereby certify that on this 31st day of July, 2007, I mailed a true and exact copy of the within *Memorandum in Support of Objection to Motion for Appointment of Counsel* to **Keith A. Werner**, *Pro Se*, Box 861, Inmate #574883, Trenton, NJ 08625.

/s/ David P. Whitman
of Hanson Curran LLP