UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KEITH A. WERNER | : | |
| | : | |
| v. | : | C.A. No. 07-82S |
| | : | |
| STONEBRIDGE LIFE INSURANCE COMPANY | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court on "Plaintiff's Opposition to Magistrate's Report and Recommendation Granting Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Summary Judgment" (Document No. 82) and Plaintiff's Untimely Opposition to Defendant's Motion for Summary Judgment. (Document No. 83). Defendant Stonebridge Life Insurance Company ("Stonebridge") filed objections to both Motions. (Document Nos. 90 and 91). Pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72, the Motions have been referred to me for preliminary review, findings and recommended disposition. In particular, on July 18, 2007, Judge Smith treated Plaintiff's Opposition (i.e., Objection) to my prior Report and Recommendation as a Motion for Reconsideration and referred the matter back to me for reconsideration in view of Plaintiff's objection and untimely opposition to the entry of summary judgment. The Court has reviewed the Memoranda and supporting documentation submitted by Plaintiff, as well as Defendant's Objections, and has determined that a hearing is not necessary to resolve these Motions. For the reasons discussed below, I recommend that Plaintiff's Objections (Document Nos. 82 and 83) be OVERRULED.

## I. Procedural Background

Defendant filed its Motion for Summary Judgment on March 23, 2007. In response, on April 6, 2007, Plaintiff filed a Motion to Strike Defendant's Request for Permission/Authorization to File a Motion for Summary Judgment and all documentation supporting the Motion. (Document No. 70). Plaintiff's Motion to Strike did not address the merits of the Motion for Summary Judgment, but simply claimed that the Motion was "premature." Then, on May 9, 2007, Plaintiff requested an extension of time "of thirty days" to respond and object to "all matters relative to this case." (Document No. 73). In support of the Motion, Plaintiff stated that on March 17, 2007, he was transferred from the custody of the Rhode Island Department of Corrections to the New Jersey State Prison and that he had not received all of his legal materials from the Rhode Island Department of Corrections. Because Plaintiff filed a response to the Motion for Summary Judgment in early April, Plaintiff cannot argue that he was not aware of that pending motion and of the obligation to respond to it. Nevertheless, because of the representations contained in his request for an extension, the Court granted his request for an extension of time until June 15, 2007, but noted that "[n]o further extensions will be Granted." Plaintiff did not file any documents with the Court by June 15, 2007, and did not communicate with the Court again until June 19, 2007, when he filed a Writ of Mandamus, requesting copies of the Court docket and documents filed with the Court. (Document No. 79). Also on June 19, 2007, the Court issued its Report and Recommendation recommending that the District Court grant Defendant's Motion for Summary Judgment. (Document No. 80).

In mid-July, Plaintiff filed a total of nine new Motions. Among these new motions, Plaintiff requested that this Court transfer the case to Texas, that he be appointed counsel, that the court suspend decision making on dispositive motions, that he be granted further time to respond to various

motions and that the Court reconsider several of its Orders. Additionally, Plaintiff filed these two Motions that (1) request entry of summary judgment on his claims; (2) oppose Defendant's summary judgment motion; and (3) seek reconsideration of the Court's Report and Recommendation.

**II. Facts**

The only new evidence presented by Plaintiff relates to the claim that his mother notified Defendant that Plaintiff would be the beneficiary of his father's insurance policy. The remainder of the facts cited below are those that were discussed in the Court's initial Report and Recommendation.

Plaintiff initiated the current action seeking, inter alia, damages allegedly arising out of a breach of contract by Defendant. See Defendant's Statement of Undisputed Facts ¶ 1. (Document No. 69). Specifically, Plaintiff alleges that Defendant failed to pay out Loss of Life benefits upon the death of Plaintiff's father, George L. Werner ("Decedent"), to Plaintiff as "sole beneficiary" / "otherwise owner" / "holder in due course" of a Certificate of Insurance originally issued to Decedent by J.C. Penney Life Insurance Co.[1] Id. ¶ 2. Plaintiff further alleges that Defendant, and/or others, "knowingly misrepresented material facts" to Mary Werner, Decedent's spouse and Plaintiff's mother, regarding the scope of insurance coverage, with the "intent to induce" Mary Werner to purchase unnecessary insurance coverage. Id. ¶¶ 5, 7. In addition, Plaintiff alleges that Mary Werner "rel[ied] upon aforesaid misrepresentations." Id. ¶ 5.

The Certificate of Insurance contains definitions of various terms relevant to this action. The term "Insured" is defined as "the Insured named on the Schedule Page" of the Certificate. Id. ¶ 11.

[1] The insurance policy issued to Decedent in 1996 was originally issued by J.C. Penney Life Insurance Co. to AT&T Universal Card Services Corporation, as policyholder. The policy was later amended, by endorsement effective July 1, 1998, to CitiBank (South Dakota), N.A., as policyholder, and, further amended, by endorsement effective January 1, 2002, to change the "Company" to Stonebridge. As such, Stonebridge is now named as Defendant. (Document No. 68, Attachment Nos. 2 and 3).

The only individual specifically listed on the Schedule Page as an "Insured" is the Decedent. Id. ¶ 12. Moreover, the Certificate defines the term "Covered Person" as the "Insured and the Insured's spouse." Id. ¶ 13. The term "Covered Person" may apply to unmarried and dependent children of the Insured, but only up to the age of twenty-three. Id. ¶ 18. Finally, the term "beneficiary," in the event of the Insured's death, means the Insured's "spouse, if living." Id. ¶ 14. The term "you" is defined as the insured "named on the Schedule page." (Document No. 68, Ex. 1 at 2). The Policy further states, "You may change the beneficiary at any time by writing to us...." Id. at 5.

Decedent died on May 8, 2004. (Document No. 82, Ex. 2). Plaintiff argues that on May 8, 2005 Mary Werner "in accordance with the provisions of the policy" notified Stonebridge that Plaintiff was the sole beneficiary of Decedent's policy.[2] (Document No. 82 at 6). In support of this contention, Plaintiff submits a letter purportedly handwritten and signed by Mary Werner which states, "I, Mary Werner do hereby elect to change the beneficiary in the above-number Policy. The new beneficiary is Keith A. Werner...." (Document No. 82, Ex. 1.) Additionally, Plaintiff submits the Affidavit of Mary Werner, which states,

> 1. Keith A. Werner is my son;
>
> 2. George L. Werner was my husband. Prior to his death, we agreed that any indemnification from the accidental death policy would go to Keith. (Document No. 82, Ex. 2).

A second notarized affidavit states, "My son, Keith A. Werner, is the sole benefactor and owner and holder in due course regarding the instant accidental death policy." (Document No. 83, Ex. 2).

## III. Standard of Review

[2] Plaintiff later states, "On May 8, 2006, Mary Werner properly notified [Stonebridge] of the fact that the plaintiff is the beneficiary." Whether the notification alleged by Plaintiff occurred in 2005 or 2006 is irrelevant to the Court's legal analysis because the Decedent's date of death was in 2004. Therefore, the alleged notice occurred after the insured's date of death.

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is material if it might affect the outcome of the suit under the governing law. Id. at 248. An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or

problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**IV. Discussion**

This Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a pro se incarcerated litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

As noted, the only additional pieces of evidence submitted by Plaintiff are the Affidavits and letter of his mother and Decedent's spouse, Mary Werner. The Affidavits and letter submitted by Plaintiff do not alter the legal analysis or conclusions contained in this Court's previous Report and Recommendation. First, the evidence regarding Mary Werner's attempt to change the beneficiary of the Policy is insufficient because, according to the express terms of the Policy, only the Insured is permitted to change the beneficiary. As previously noted, George L. Werner was the only individual listed as the Insured. Therefore, Mary Werner had no authority to change the beneficiary. Moreover, the purported notice of the change in beneficiary occurred in either 2005 or 2006, at least one year after the date of the Insured's death. The beneficiary of the Policy was determined at the time of the Insured's death. Therefore, the affidavits, letter and additional evidence submitted to the Court in support of Plaintiff's Motion and Objections do not create a genuine issue of material fact, nor do they alter the legal analysis set forth in my previous Report and Recommendation.

Accordingly, I adopt the legal analysis and findings set forth in that Report and Recommendation which concluded that Plaintiff failed to establish that he possesses standing to pursue his claims.

**IV. Conclusion**

Because there are no material facts in dispute regarding the terms of the insurance contract and because Plaintiff lacks standing, Defendant is entitled to judgment as a matter of law. Thus, for the reasons stated above and in my Report and Recommendation dated June 19, 2007 (Document No. 80), I recommend that Defendant's Motion for Summary Judgment (Document No. 67) be GRANTED, that Plaintiff's Objections (Document Nos. 82 and 83) be OVERRULED and that the District Court enter final judgment in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2007